CLEARY BROTHERS v. CHRISTIE SCOW CORPORATION (AMERICAN PRESI-DENT LINES, LIMITED, Impleaded).

The CLEARY BROS. NO. 78.

No. 239, Docket 21300.

United States Court of Appeals Second Circuit.

Argued June 13, 1949.

Decided July 22, 1949.

Christopher E. Heckman, New York City (Foley & Martin and Edward J. Ryan, New York City, on the brief), for appellant.

Joseph A. Calamari, New York City (Alexander & Ash and Sidney A. Schwartz, New York City, on the brief), for appellees.

Before SWAN and CHASE, Circuit Judges, and SMITH, District Judge.

SMITH, District Judge.

The appellant, owner of the scow "Cleary Bros. No. 78," filed a libel against Christie Scow Corporation for damage to the scow

while chartered by Christie Scow Corporation. Christie Scow Corporation impleaded American President Lines, Ltd., alleging charter and delivery in good condition to American President Lines, Ltd. and damage while chartered to American President Lines, Ltd., due to the negligence of American President Lines, Ltd.

Christie addressed certain interrogatories to libellant. Interrogatory #2 required the production of written reports of damage to the scow made to the libellant by its scow captain and any others, and a statement of the substance of any oral reports.

Interrogatory #4 required a statement of the date, time and place of damage.

The libellant excepted to the interrogatories. The Court, on April 12, 1948, overruled the exceptions to #2 and #4 among others, expanding #2 to require also statements furnished to libellant's proctors.

The libellant refused to answer #2 and partially answered #4, and on motion the Court, on June 14, 1948, ordered the libel to be, and stated that it was, dismissed, unless the proctors for the libellant should serve and file supplemental answers to Interrogatories #2 and #4 in accordance with the prior order of Court, within fourteen days next subsequent to the service of a copy of the order of June 14 with notice of entry upon the proctors for the libellant.[1]

The libellant failed to serve and file the supplemental answers to the interrogatories within the fourteen days allowed for compliance.[2]

Notice of appeal from the order of June 14, 1948 was filed July 6, 1948, and appeal was allowed July 7, 1948.

Respondent-appellee moves to dismiss the appeal because not from a final order.

■ Except where appeals from interlocutory decrees are permitted by statute, 28 U.S.C.A. § 1292, an appeal will not lie

[1] "Order of Abruzzo, D.J., on Respondent's Motion to Strike Libel and/or to Stay Trial, etc.

\* \* \* \* \* \*

"A motion of the respondent, Christie Scow Corporation for an order striking the libel of Cleary Brothers, as owner of the scow "Cleary Bros. No. 78" for failure to comply with the order of Honorable Matthew T. Abruzzo, dated April 12, 1948, respecting interrogatories '2' and '4' having duly come on to be heard before this Court at a stated term for the hearing of motions on the 9th day of June, 1948.

"Now on reading and filing the notice of motion dated May 24, 1948, and the Court after hearing the proctors for the respective parties hereto having directed that the libel herein be stricken and dismissed unless the proctors for the libellant serve upon the proctors for the respondent and file further answers to interrogatories '2' and '4' in accordance with the order of Honorable Matthew T. Abruzzo dated April 12, 1948, within fourteen (14) days next subsequent to the service of a copy of this order with notice of entry upon the proctors for the libellant.

"Now, upon motion of Alexander & Ash, proctors for the respondent, Christie Scow Corporation, it is

"Ordered, that the libel herein be and the same hereby is stricken and dismissed unless the proctors for the libellant serve upon the proctors for the respondent and file supplemental answers to interrogatories '2' and '4' in accordance with the order of Honorable Matthew T. Abruzzo dated April 12, 1948, within fourteen (14) days next subsequent to the service of a copy of this order with notice of entry upon the proctors for the libellant and it is further

"Ordered, that in the event that the proctors for the libellant fail to serve and file supplemental answers to the aforesaid interrogatories as per the aforementioned order of Honorable Matthew T. Abruzzo, dated April 12, 1948, within fourteen (14) days next subsequent to the service of a copy of this order with notice of entry upon the proctors for the libellant that this order striking and dismissing the libel be and the same hereby is effective immediately and that no further order need be entered herein.

"Dated Brooklyn, New York,
June 14, 1948.
"Matthew T. Abruzzo,
U. S. D. J."

[2] This appears from an affidavit filed in support of the respondent's motion of July 7, 1948 for entry of a final decree dismissing the cause of action on the merits and taxing costs, which motion was denied on August 16, 1948. By stipulation the parties have included the respondent's motion in the record on appeal.

372

except from a final judgment, 28 U.S.C.A. § 1291. A case may not be brought up in fragments. Cory Bros. and Co., Ltd., v. U. S., 2 Cir., 47 F.2d 607. Collins v. Miller, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616.

■ Ordinarily, a dismissal with leave to the parties to reinstate the cause by amendment or some other action will be considered not final and, therefore, not appealable. Cory Bros. and Co., Ltd., v. U. S., supra. Western Electric Co., Inc., et al. v. Pacent Reproducer Corp. et al., 2 Cir., 37 F.2d 14.

■ Here, however, the time for compliance has passed, the District Court has, by the terms of the order, made it final if no compliance was had within the time limited, and has ordered that no further order for dismissal is to be considered necessary. The way for compliance is no longer open. No possibility, therefore, exists of later compliance and piecemeal appeal. We conclude, therefore, that the order is final and appealable. Cf. The Three Friends, 166 U.S. 1, 49, 17 S.Ct. 495, 41 L.Ed. 897.

The motion to dismiss the appeal is denied.

■ The principal question on the appeal is the validity of the Court's order requiring the production of statements given to the proctors for libellant in the preparation for trial. We think it plain that Admiralty Rules 31, 32 and 32C(b) (2), 28 U.S.C.A. are to be construed in harmony with Federal Rules of Civil Procedure, Rules 26, 30, 33 and 34, 28 U.S.C.A. Bank Line, Limited, v. U. S., 2 Cir., 163 F.2d 133. Their interpretation in Hickman v. Taylor, 329 U.S. 495, 511, 512, 67 S.Ct. 385, 91 L. Ed. 451, governs here. While the statements are not privileged in the ordinary sense, before the trial Court may require the production of statements of witnesses to counsel, some necessity for their production must be shown.[3] Here there was no showing that the scow captain or any others who had made statements were dead or were unavailable for the taking of depositions.

The necessity required by the rules and by Hickman v. Taylor, supra, was not shown. Absent such a showing of necessity, allowance of the Interrogatory #2 as enlarged by the Court was an abuse of discretion on the part of the trial Court.

The orders of April 12, 1948 allowing the interrogatories and of June 14, 1948 dismissing the libel for failure to comply with the order of April 12, 1948 are reversed and the cause is remanded.

---

[3] "* * * But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted.

"Rule 30(b), as presently written, gives the trial judge the requisite discretion to make a judgment as to whether discovery should be allowed as to written statements secured from witnesses. But in the instant case there was no room for that discretion to operate in favor of the petitioner. No attempt was made to establish any reason why Fortenbaugh should be forced to produce the written statements. There was only a naked, general demand for these materials as of right and a finding by the District Court that no recognizable privilege was involved. That was insufficient to justify discovery under these circumstances and the court should have sustained the refusal of the tug owners and Fortenbaugh to produce."

Hickman v. Taylor, 329 U.S. 512, 67 S.Ct. 394.