## KELLEHER v. UNITED STATES.

United States District Court
S. D. New York.

Jan. 20, 1950.

Daniel D. Kellner, New York City, proctor for libellant. Frederick Travers, New York City, of counsel.

Irving H. Saypol, United States Attorney for the Southern District of New York, New York City, proctor for respondent. Haight, Deming, Gardner, Poor & Havens, New York City, of counsel; John Osnato, Jr., W. P. Kain, Jr., New York City, advocates.

IRVING R. KAUFMAN, District Judge.

The Court has before it a motion by the libellant pursuant to Rule 32 of the Admiralty Rules, 28 U.S.C.A., for an order requiring the respondent to produce and permit the inspection and copying of designated documents, papers, statements and reports.

The requests as to the following items were disposed of at the hearing of the

motion, to wit: Items A, C, D and G were consented to; reports designated in item E, if made, were consented to be shown to proctor for libellant; item J was withdrawn; and items H and I were granted.

The question before the Court pertains to two items:

"B. Statements of any witnesses made to the respondent or its representatives and statements of any other person or persons having knowledge of the accident to the libellant.

"F. Statement or statements of the Master made in the course of his duties as they pertain to this proceeding."

The proctor for the libellant claims that these items are necessary for the proper preparation for trial; the respondent claims that reports or statements obtained subsequent to the commencement of the action are privileged.

■ The contention of privilege can no longer be sustained since the decision of the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In that case the Court said, 329 U.S. at page 508, 67 S.Ct. at page 392, 91 L.Ed. 451: " * * * the protective cloak of this (attorney-client) privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Nor does this privilege concern the memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case; and it is equally unrelated to writings which reflect an attorney's mental impressions, conclusions, opinions or legal theories."

Hence the claim of privilege is no longer a valid barrier to inspection of documents or statements in the hands of the opposing attorneys or proctors.

However, in the Hickman case, the Supreme Court expressly held that Federal Rules of Civil Procedure, Rules 33 and 34, 28 U.S.C.A., are limited to parties, thereby excluding their counsel or agents, 329 U.S. at page 504, 67 S.Ct. at page 385, 91 L.Ed. 451, and that inspection of statements received by attorneys from third persons are proper subjects of discovery by means of taking the attorney's deposition under Civil Rule 26 and ordering the production of statements or documents in conjunction therewith by use of a subpoena duces tecum, 329 U.S. at pages 504, 506, 67 S.Ct. at page 385, 91 L.Ed. 451.

■ Production of the statements and reports in the two disputed items in this case are sought under Admiralty Rule 32, which is an exact copy of Civil Rule 34. Therefore the decision of the Supreme Court limiting discovery under Rule 34 to a party must be applied in considering a motion under Admiralty Rule 32.

■ Libellant is then entitled to any documents, reports or statements in the hands of the respondent, whether made prior or subsequent to commencement of an action, as long as these papers contain material relevant to libellant's cause and are not otherwise privileged.

■ There is no provision made for the production of these reports or statements if they were taken by the proctor for the respondent and are in his hands. This Court is in full agreement with the conclusion reached by Judge Rifkind in Mulligan v. United States of America et al., D.C.S.D.N.Y., 87 F.Supp. 79, that there is no authorization for deposition upon oral examination for purposes of discovery in the Admiralty Rules comparable to Rule 26 in the Civil Rules. Therefore the proctor for the respondent cannot be ordered to produce statements or records in connection with a discovery proceeding under the present Admiralty Rules. Even if discovery and production of such documents are permissible under the Admiralty Rules, the Court of Appeals in this Circuit, in conformity with the holding in Hickman v. Taylor, requires a showing of necessity before it will require a proctor to turn over statements or reports in his possession. Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370. Libellant has not shown sufficient cause or necessity for the records made by proctor for respondent.

The decision of this Court is that items B and F shall be granted as modified to apply to statements and reports made to

respondent or its representatives, at any time, but not to statements or reports obtained from witnesses by the proctor for respondent.