## TAYLOR v. SOUND STEAMSHIP LINES, Inc.

Civ. A. 3369.

United States District Court D. Connecticut.

Oct. 10, 1951.

Philip R. Shiff, New Haven, Conn., for plaintiff.

Vincent P. Dooley, New Haven, Conn., for defendant.

HINCKS, Chief Judge.

This is an action, brought under the court's diversity jurisdiction, for damages claimed to have resulted from defendant's operation of its vessel, the "Pemaquid". The complaint in the action alleges that plaintiff's intestate was injured when thrown from a deck chair on the ship. It is claimed that this resulted from defendant's negligence in its operation of the ship and its failure to take reasonable precautions for plaintiff's intestate's safety.

■■■ Interrogatory 6 calls on the defendant to state "the manner" in which plaintiff's decedent was injured, and 7, the "manner" in which the defendant's vessel was operated at the time. The defendant objects that these interrogatories call for conclusions and opinions. The substance of this objection, however, evaporates when the interrogatories are construed, as they must be, in the light of Rule 33, Fed. Rules Civ.Proc. 28 U.S.C.A., which is the only sanction for this instrument of discovery. Under this rule the defendant will sufficiently answer if it "shall furnish such information as is available" to it. This done, the defendant's duty will be discharged and it will be for the plaintiff to make his own evaluation of that information and to put himself in readiness to offer such proofs and advance such contentions as he shall deem advisable in the light of the answers given. If, as it well might be, the answers shall disclose information of opposing content and tendency it will be for the plaintiff to determine how his selected procedure shall deal with such contradictions.

The applicable test, I think, should not be left to fine-spun distinctions between "knowledge" and belief based upon information from other sources. Rather, it is the practical test which has been well stated by Professor Moore when he poses the question "would an answer serve any substantial purpose." 4 Moore's Fed. Practice (2d Ed.) pg. 2311. The answer here is "yes". The answers might be expected to help the plaintiff to know what proofs were required: it might save him much labor and expense in producing proofs for which there would be no actual need. In other words, the interrogatory, if answered, might refine the actual issue of fact.

On the other hand, no showing whatever has been made that the defendant is entitled to protection under rule 30(b). Certainly the defendant will not be unduly prejudiced by its answers on trial. For the interrogatories call only for information which may be hearsay and hearsay will be inadmissible on trial even if recorded in an answer to an interrogatory. Id. pg. 2343.

The objections to these two interrogatories should be overruled.

As to Interrogatory 8, the same considerations control. No good reason appears why the defendant cannot state its present information as to conditions of weather and sea at the time and place.

■■■ Interrogatory 13. This calls for a copy of the written report of the defendant's investigator. Such a report is a "document" or "paper" within the purview of Rule 34, and outside the scope of Rule 33. Cleary Bros. v. Christie Scow Corporation, 2 Cir., 176 F.2d 370; Alltmont v. U. S., 3 Cir., 177 F.2d 971. As such it need not be produced in response to an interrogatory under Rule 33. 4 Moore's Fed. Practice (2nd Ed.) pg. 2322.

■■■ To be sure, a requested interrogatory may on proper occasion be treated as a motion to produce and thus save the labor of preparing a separate motion. But this can be done only where the interrogatory is accompanied by the showing of good cause which is required under Rule 34.

And here there is nothing to show what the plaintiff assigns as cause. True, it appears that the defendant's investigator has a New York address which suggests that it would involve additional expense for the plaintiff to resort to the alternative instrument of discovery,—taking the investigator's deposition in New York. But if the plaintiff should invoke this as cause for a motion to produce, for aught that appears it might be that the defendant would make the investigator available for deposition in New Haven. Indeed, whatever cause the plaintiff might assign for a motion to produce, the defendant might elect to comply or to resist on the ground that the report in question was obtained after plaintiff's claim had been made in preparation for trial, or contains confidential matter such as the recommendations or conclusions of the investigator which, although not strictly privileged, should not be exposed to plaintiff's view on oral deposition since not relevant to the issues. If such were the case, I apprehend that the defendant might support its resistance to the motion at the hearing thereon by disclosing the report to the judge for purposes of a ruling. In short, on the bare record made by the requested interrogatory the defendant is scarcely in a position to formulate its position with respect to the discovery.

I rule, therefore, that the objection to interrogatory 13 should be sustained.

■ Interrogatory 15. This calls for copies of the statements of witnesses. If it had been limited to a report for names and addresses of the defendant's witnesses, I apprehend it would have been unobjectionable. But in its broad scope it is subject to the considerations which control my ruling sustaining the objection to interrogatory 13. However, the ruling appears to be academic since the answer to interrogatory 14 shows that the defendant did not obtain any written statements from witnesses.

Interrogatory 17 calls for copies of documents obtainable, if at all, only under Rule 34. Consequently, the rulings on interrogatories 13 and 15 must control. However, it may be noted that this ruling appears to be without any practical consequence since the answer to interrogatory 16, fairly construed, imports that the only document sought by Paragraph 17 was one which emanated from the plaintiff himself.

Ordered accordingly.