## NEVILLE et al. v. AMERICAN BARGE LINE CO.

### No. 186.

United States District Court, W. D. Pennsylvania.

Nov. 28, 1951.

Hymen Schlesinger, Pittsburgh, Pa., for libellants.

J. Roland Johnston, Thorp, Reed & Armstrong, Pittsburgh, Pa., for respondent.

STEWART, District Judge.

Libellants brought this action to recover damages resulting from an injury allegedly sustained by the libellant, Beulah L. Neville, while working on a vessel owned and operated by the respondent. Pursuant to Admiralty Rule 31, 28 U.S.C., libellants directed interrogatories to the respondent. Objections have been filed by the respondent to some of these interrogatories, and it is these objections which are now before the Court for disposition.

Respondent's objections relate to the scope of interrogatories under the Admiralty Rules, and, specifically, are to the effect that some of the interrogatories are irrelevant and immaterial to any issuable fact; that some call for opinions; and that some constitute mere fishing expeditions. The Admiralty Rules have no specific provision relating to the scope of interrogatories thereunder, and the Courts are divided on the question of whether the tests of Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C., should be applied. However, we believe that the better view is that Admiralty Rules 31, 32 and 32C(b) (2) should be construed in harmony with Rules 26, 30, 33 and 34 of the Federal Rules of Civil Procedure. Cleary Brothers v. Christie Scow Corporation, 2d Cir., 1949, 176 F. 2d 370. The tests applicable in determining whether the interrogatories fall within their proper scope under Rules 26(b) and 33 of the Federal Rules of Civil Procedure have been set forth by this Court in Mall Tool Company v. Sterling Varnish Company and Blaw-Knox Company, D.C., 11 F.R.D. 576.

Applying these tests, it seems to us that the objections to interrogatories num-

bered 7, 13(b), 13(c), 13(d), 13(g), 14, 15(b) and 22(c) should be overruled; however, the respondent will be directed to answer interrogatories numbered 13(b), 13(c), 13(d), 13(g), 14, 15(b) and 22(c) only so far as those matters are within the knowledge of the respondent and can be ascertained without extended research or compilation of data and information not readily known to it.

The objection to interrogatory number 11 will be sustained, and the objection to interrogatory number 23 will be sustained in part. With respect to interrogatory number 23, the respondent will be directed to state the movements of the vessel from this date until and during the course of the trial if the case is reached for trial during the present trial period. If the case is not reached for trial during the present trial period, the respondent will be directed to state the movements of the vessel for the week immediately preceding the date of trial and during the course of the trial.