**LEONIA AMUSEMENT CORPORATION et al., Plaintiffs,**

v.

**LOEW'S INCORPORATED et al., Defendants.**

United States District Court
S. D. New York.
Aug. 11, 1955.

Sperry, Weinberg & Ruskay, New York City, for plaintiff.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for defendant Twentieth Century-Fox Film Corp. (In Dissolution).

Louis Phillips, New York City, for defendants Paramount Pictures, Inc. (In Dissolution, Paramount Film Distributing Corp.).

Benjamin Melniker, New York City, for defendant Loew's Incorporated.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corp.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Co., Inc., Universal Film Exchanges, Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

DIMOCK, District Judge.

Defendants move for an order (1), pursuant to Rule 33, F.R.C.P., striking or modifying interrogatories propounded by plaintiffs dated May 26, 1955 and (2) pursuant to Rule 30(d), F.R.C.P., enjoining plaintiff, its representatives and attorneys from disclosing or publishing the information discovered or using it in any other action.

The action is for treble damages under the Federal Anti-Trust laws, 15 U. S.C. §§ 1 through 7, 12 through 27. In substance it is charged that plaintiff sustained damages as a result of the concerted action of defendants in refusing to grant to plaintiff the priority of moving picture runs which it demanded. The conspiracy charged is alleged to have existed from September 1, 1933 to September 1, 1935.

On July 16, 1954 Judge Conger made an order, D.C., 16 F.R.D. 583, directing defendants to produce certain documents relating to the treatment accorded twenty specified exhibitors by defendants during the period from January 1, 1927 to September 1, 1935. Insofar as they have been able defendants have complied with this order.

At the outset defendants assert an objection to the interrogatories in toto upon "the ground of the tremendous burden to answer them which plaintiff would seek to foist upon the defendants." This objection cannot be successful. As appears hereinafter I find that in the large plaintiff's interrogatories are, after the imposition of certain limitations, relevant to the issues in this case. The limitations which I believe it to be necessary to impose on the interrogatories have the effect of substantially diminishing the burden to which defendants will be put in answering them. Inconvenience and burden are always the lot of a party to whom interrogatories are propounded. I cannot say that the burden which these interrogatories place upon defendants is so inordinate as to invalidate them. See Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., D.C.S.D.N.Y., 12 F.R.D. 531. Thus it is necessary to consider defendants' specific objections.

■ Defendants object, first, to the caption headings, numbered I through XVI, which are contained among plaintiff's interrogatories but are not themselves interrogatories. Plaintiff has no objection to their elimination and defendants' objections here are sustained.

■ Second, defendants object, without specifying any interrogatories, "to all of the interrogatories insofar as they seek to elicit answers from persons other than the corporate answering defendant." Defendants point to the following language contained in plaintiff's interrogatories as the basis of their objection:

"Reference to any defendant or to the words 'you', 'your', 'your company', etc., is intended to include the defendant referred to, its subsidiary or affiliated corporations, its predecessors and such predecessors' subsidiary or affiliated corporations, corporations consolidated or merged with any of its subsidiary, affiliated or predecessor corporations and subsidiaries or affiliates of such merged or consolidated corporations."

Rule 33, F.R.C.P., provides that interrogatories may be directed to and served upon a party. Defendants' position is that the above-quoted language requires or may require answers by or in behalf of entities other than parties. Defendants' counsel agreed, during the course of oral argument on this motion, that the inclusion of "subsidiaries" in the quoted language was proper and that inclusion of companies under the control of the interrogated defendant would be proper. Plaintiff's counsel said that his use of "predecessors" in the quoted language was intended to mean "predecessors in name" which, in turn, he indicated was intended to mean the interrogated defendant under a prior name. The term "affiliated corporations", used in the quoted language, has no legal meaning which may be relied upon to delimit its scope. For this reason it is objectionable. From certain portions of plaintiff's affidavit I get the impression that it was used as a synonym for "subsidiaries". If this is the case it is redundant. In either case the term should not be used.

The effect of what has been said is that this part of defendants' objections will be overruled, provided that the word "predecessor" is understood to mean the defendant referred to but known by a name other than that by which it is now known and provided that the language is amended so as to eliminate all references therein to "affiliated corporations". Otherwise defendants' objection to this part of the interrogatories will be sustained.

■ Third, defendants object to all interrogatories which seek information concerning theatres other than the Leonia and the Park Lane and the period prior to or subsequent to the period from September 1, 1933 to September 1, 1935 and to certain interrogatories which they characterize as seeking information about subjects "in no way related to any issue in this action." Nearly all of the interrogatories are included in this group and the basis of the objections is, in effect, that these interrogatories are not designed to elicit relevant information.

I have studied the interrogatories cited as objectionable by defendants and find that all of them are, as limited by plaintiff's concessions contained in the memorandum and affidavit of Joseph A. Ruskay both dated July 18, 1955, and by a further limitation mentioned below, relevant to the issues presented in this case.

Plaintiff concedes that, in certain specified instances, which include many of the instances referred to in the interrogatories, the answers should confine themselves to the period between September 1, 1933, and September 1, 1935, and to the twenty theatres named by Judge Conger. As thus restricted, the interrogatories concerned are proper. In a number of instances plaintiff offers to

limit the interrogatories so that the period concerned ends on December 31, 1943. The period as so limited would be too extensive. Plaintiff's purpose in propounding the interrogatories, which plaintiff says should cover the period to December 31, 1943, will be amply served if the period is limited so that it does not extend beyond September 1, 1940.

Defendants have cited a number of cases in support of their argument that interrogatories which would compel them to give information concerning their activities in respect of theatres other than the Park Lane and Leonia and periods outside of the period from September 1, 1933 to September 1, 1935 seek irrelevant information. These cases stand merely for the proposition that in a private anti-trust litigation the plaintiff's case will be limited to proof on the issue of whether the plaintiff has suffered economic injury as a result of defendants' illegal activities. Here the issue appears to be fairly narrow and even defendants do not contend that plaintiff is attempting to drag into this case "all of the wrongdoings of the motion picture industry for the last thirty years." See New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., D.C.S.D.N.Y., 16 F.R.D. 203, 206. The issue presented is whether defendants participated in a conspiracy to deprive plaintiff of a prior run of motion pictures which plaintiff demanded of defendants for its Leonia Theatre with the result that plaintiff was damaged in its business and, finally, forced to sell its business to certain defendant interests, all to the damage and detriment of plaintiff. My determination is that all of the interrogatories specified in defendant's objections designated "C", "D", "E", and "I" in their moving affidavit, seek information which is relevant to this issue when they are limited as offered by plaintiff and further limited in accordance with the foregoing.

For example, evidence that prior to the beginning of the alleged conspiracy the Leonia enjoyed a position in the chain of exhibition of moving pictures that was superior to its position during the alleged conspiracy is relevant to the issue of whether the conspiracy charged ever existed. The same is true concerning evidence that subsequent to plaintiff's sale of its interest— it says that the sale was caused by the pressure exerted by defendants in concert—the position of the Leonia in the chain was materially enhanced over that which it had occupied during the period of the alleged conspiracy. Further, evidence that one or more independent theatres other than the Leonia experienced at the hands of defendants substantially what plaintiff charges that the Leonia experienced would be relevant to plaintiff's charges of conspiracy here.

Fourth, defendants object to all of the interrogatories which require them to "compile information from the documents already produced for plaintiff's inspection." It is elementary that a party has no right to require his opponent to make compilations of information when documents containing the material necessary for the compilations are available to the first party. Plaintiff, however, seeks in the interrogatories opposed by defendants only to "fill the gaps" left by the insufficiencies of the documents produced by defendants. The fact appears to be that through no fault of any one the documents produced by defendants pursuant to Judge Conger's order have failed to provide all of the information which Judge Conger expected that they would. The documents produced by defendants pursuant to Judge Conger's order are not before me but plaintiff has submitted a number of schedules which purport to summarize all of the data contained in the documents. Defendants have made no assertion that the schedules fail to set out any information that the documents contained. The schedules make it clear that a large amount of relevant material which all parties probably believed would

be included in the documents produced pursuant to Judge Conger's order was, in fact, not included in those documents. Plaintiffs are entitled to any of this as yet unsupplied information under defendants' control and to know what information is no longer available to defendants.

Thus, while defendants need not make compilations of information from documents already produced, they must "fill the gaps", evidenced by plaintiff's schedules, insofar as they are able to do so and must indicate the "gaps" about which they have no information.

■ Fifth, interrogatories 56, 58, 60, 61, 62, 63, 64, 66, 67, 68 and 70 are objected to on the ground that they seek information in the nature of summarization and interpretation of documents or statements of fact concerning their genuineness.

Defendants' objection that these interrogatories seek information in the nature of summarization and interpretation of documents can have validity only insofar as defendants are requested to summarize documents already produced by them. These documents speak for themselves and defendants need not summarize their contents, but an interrogatory is not objectionable merely because it asks for information which defendants must procure by reference to documents. See Cinema Amusements, Inc., v. Loew's, Inc., D.C.D.Del., 7 F.R.D. 318. All of the interrogatories cited by defendants in this objection are relevant and, except for questions which are addressed to documents produced by defendants, should be answered. Of course defendants may answer that they have no knowledge of agreements other than those already furnished when this is the case.

■ Plaintiff is not asking for admissions of genuineness but only whether defendants executed certain described documents. With respect to a number of the interrogatories the questions seem to me to be requests for admissions of fact and there should be a provision in the order that plaintiff's use of defendants' answers to these should be limited as required by Rule 36(b), F.R.C.P. The interrogatories to which I refer are 58, 60, 61, 62, 63, 64, 66, 67 and 68.

■ The branch of defendants' motion which seeks a protective order under Rule 30(b), F.R.C.P., seems to be based largely on an imputation of bad faith to plaintiff or its counsel. I have no reason to think that there is basis for any such imputation. In his affidavit plaintiff's counsel says that he has no intention of divulging any matters discovered here to other attorneys and that most of the information which he may learn here would be irrelevant in the other cases which defendants mention. He says, however, that with respect to general information that comes to him here and is relevant to another action he should be able to use that information in any way which the law permits. In the absence of anything to make me doubt the attorney's good faith, I agree.

Settle order on notice.