**UNITED CIGAR–WHELAN STORES CORPORATION, Plaintiff,**

v.

**PHILIP MORRIS, Inc., Defendant.**

United States District Court
S. D. New York.
Aug. 9, 1957.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

CASHIN, District Judge.

This is an action by the owner of a chain of retail drug stores wherein treble damages are sought from a manufacturer and distributor of tobacco products under Sections 2(a) and 2(d) of the Clayton Act as amended by the Robinson-Patman Act, 15 U.S.C.A. §§ 13(a) and 13(d). Three causes of action are alleged in the complaint. Each cause of action alleges discrimination between plaintiff and other purchasers of defendant's products generally during the years 1953, 1954, 1955, 1956 and 1957. However, the specific allegations of all of the causes of action refer only to discrimination between plaintiff and Liggett Drug Co., the owner of another chain of retail drug stores operating in the same areas as plaintiff and in competition with plaintiff. The first cause of action is based on discrimination by price discounts and rebates. 15 U.S.C.A. § 13(a). The second cause of action is based on allowances for advertising not available on proportionally equal terms to plaintiff (15 U.S.C.A. § 13(d)). The third cause of action alleges special damages because plaintiff purchased some of defendant's products from jobbers at a higher price than it would have purchased them from defendant had the discrimination not been in effect, as complained of in the first two causes of action.

■■ In interrogatory No. 6, plaintiff asks defendant to supply a complete schedule of sales by defendant to plaintiff with full details as to items sold, quantities, unit prices, total price of each sale, rebates and discounts, method of computation thereof and shipping addresses. Defendant objects to answering the interrogatory on the grounds that the information requested is equally available to plaintiff from its own records and to require defendant to compile the in-

formation would, because of defendant's method of record keeping, be extremely time consuming and expensive and thus, under the circumstances, unduly burdensome. Plaintiff does not deny that the information sought to be obtained by the interrogatory is equally available to it, but contends that it is nevertheless entitled to have the answers so that the issues on the trial may be narrowed. While interrogatories may certainly on many occasions effect the salutary purpose contended for by plaintiff, I do not believe that discovery proceedings should be utilized to cast upon a defendant the burden of establishing the plaintiff's case when the plaintiff can at least as readily establish the requested facts. See Leonia Amusement Corporation v. Loew's Incorporated, D.C.S.D.N.Y.1955, 18 F.R.D. 503. The objection to interrogatory No. 6 is, therefore, sustained.

■ Interrogatories Nos. 3, 4, 7 and 8 seek to obtain information from defendant as to the lowest unit price all defendant's products were sold for to any retailer; what discounts or rebates were given to any other such purchaser; the method of computation of said rebates or discounts and "all other details". Similar information is requested by interrogatory No. 25 with regard to advertising allowances. I believe that the objections to these interrogatories must be sustained, at least so long as the interrogatories remain in their present form. In the present posture of the pleadings, only the Liggett Drug Co. is alleged to be a competitor of plaintiff who was favored by either discriminatory prices or advertising allowances. Even under the liberal "notice" function of a complaint under the Federal Rules of Civil Procedure, Rule 7 et seq., 28 U.S.C.A., I do not believe that the issues of the case presently encompass any discrimination except between plaintiff and Liggett Drug Co. Under these circumstances the interrogatories need not be answered and the objections are, therefore, sustained.

■ The subject matter of interrogatories Nos. 11 and 12 appears to be completely irrelevant to the issues of the lawsuit. The total amount of sales by defendant (Interrogatory No. 11) and the amounts expended by defendant in various forms of advertising (Interrogatory No. 12) can have no bearing on whether plaintiff was discriminated against in the forms complained of, or on any other conceivable issue in the action. The objections are sustained.

■ Defendant also objects to the interrogatories generally insofar as they request information subsequent to the institution of the action on the ground that such information is irrelevant to the issues, since only periods prior to the institution of action are covered by the complaint. I find the position of defendant untenable. The disclosure of otherwise relevant information for times subsequent to the institution of the action may lead to evidence. In addition, plaintiff may amend its complaint to include subsequent periods. If defendant were allowed to refuse to answer the present inquiries, all that could be accomplished would be a series of motions for leave to amend the complaint followed by a series of interrogatories seeking the same type of information for each successive time period covered. Defendant's general objection is overruled.

In view of the difficulty which defendant must necessarily encounter in compiling the data required, its application for an extension of time within which to answer the interrogatories is granted. The interrogatories remaining must be answered by September 15, 1957.

Settle order.