**352**

**SINCLAIR REFINING COMPANY, as charterer in possession of THE Steamship P. W. THIRTLE, Libelant,**

v.

**THE Motorvessel MORANIA DOLPHIN, Dolphin Transportation Co., Inc. and Morania Oil Tanker Corp., Claimant-Respondents,**

and

**THE Tugs DALZELLEADER and EDNA M. MATTON, Dalzelleader, Inc., and Dalzell Towing Company, Inc., Claimant-Respondents-Impleaded.**

United States District Court
S. D. New York.
Oct. 25, 1957.

Burlingham, Hupper & Kennedy, New York City, for libelant.

C. John Dirosse, New York City, for claimant-respondents.

Mahar & Mason, New York City, for claimant-respondent-impleaded, Matton S.S. Co., Inc.

Hagen & Eidenbach, New York City, for claimant-respondent-impleaded Dalzelleader, Inc.

LEVET, District Judge.

This is a motion by claimant-respondents for an order pursuant to Rule 32 of the Admiralty Rules, 28 U.S.C.A., compelling the production for inspection and copying of certain books, papers, records and documents.

The parties have reached agreement with respect to all of the items contained in the notice of motion except item 6, which requires the libelant to produce "All statements made by the Master and Officers or members of the crew relative to the alleged accident befalling the P. W. Thirtle on January 1, 1956 prior to the institution of suit herein together with statements of all witnesses whether or not members of the crew of the P. W. Thirtle."

Claimant-respondents seek under item 6 to compel the production of statements of witnesses taken by libelant's counsel or of counsels' memoranda concerning interviews with said witnesses.

The law is well settled that production of such statements or memoranda cannot be compelled in the absence of a showing of special circumstances which make their production necessary in the interests of justice. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Cleary Brothers v. Christie Scow Corp., 2 Cir., 1949, 176 F.2d 370; Kelleher v. United States, D.C.S.D.N.Y. 1950, 88 F.Supp. 139. No such showing is made by claimant-respondents in their present moving papers.

Accordingly, claimant-respondents' motion is denied insofar as it relates to the production of statements and memoranda of libelant's counsel. However, this shall be without prejudice to the bringing of a new motion for similar relief on a proper showing of good cause.

Settle order on notice.