**KORMAN et al.**

v.

**SHULL et al.**

v.

**NOBILE.**

**DJERASSI et al.**

v.

**KORMAN et al.**

v.

**SHULL et al.**

v.

**WILSON**

v.

**NOBILE.**

Civ. A. No. 3822.

United States District Court
W. D. Michigan, S. D.

March 21, 1960.

Joseph K. Andonian, Eugene O. Retter, Willard L. Cheesman, Patent Law Dept., The Upjohn Company, Kalamazoo, Mich., and Charles M. Thomas, Washington, D. C., for Korman et al.

Morgan, Finnegan, Durham & Pine, Hobart N. Durham, and Joseph Hirschmann, New York City, Paulson, Bennett & Palmer and Richard H. Paulson, Kalamazoo, Mich., for Arthur Nobile and Schering Corp.

STARR, Chief Judge.

It appears that on February 9, 1960, in pursuance of 35 U.S.C.A. § 24, Arthur Nobile and his assignee, Schering Corporation, caused subpoenas to be issued by the clerk of this court, commanding John A. Hogg and Jerome Korman of The Upjohn Company, and H. B. Allen secre-

tary of The Upjohn Company, to appear at Parlor A, Hotel Harris, Kalamazoo, Michigan, on February 15, 1960, to testify in behalf of said Arthur Nobile and Schering Corporation, assignee, and to bring with them certain books, papers, and documents listed and enumerated in the subpoenas.

It appears that on February 13th Joseph K. Andonian, attorney for Hogg, Korman, and H. B. Allen, secretary of The Upjohn Company, filed a motion to stay or set aside the date for the taking of their depositions under the subpoenas issued February 9th, pending a hearing on their motion filed February 13th to quash or, in the alternative, to modify the subpoenas. It further appears that on February 13th Joseph K. Andonian, attorney for Hogg, Korman, and Allen, also filed a motion to quash or, in the alternative, to modify the subpoenas issued February 9th for their appearance on February 15th, on the ground, among others, that the subpoenas were improperly obtained; and it further appears that on February 15th an order was entered by Judge W. Wallace Kent granting the motion to stay the taking of the depositions under the subpoenas issued February 9th, pending a hearing on the motion to quash or to modify the subpoenas.

It appears that in order to correct any possible errors in connection with the issuance of the subpoenas on February 9th, Nobile and Schering Corporation caused new subpoenas to be issued on February 23d requiring Hogg and Korman of The Upjohn Company and H. B. Allen, secretary of The Upjohn Company, to appear at Parlor A, Hotel Harris, Kalamazoo, Michigan, on February 25th to testify in behalf of Nobile and his assignee, Schering Corporation, and to bring with them the books, papers, and documents listed and enumerated in the subpoenas. It further appears that on February 25th Joseph K. Andonian, attorney for Hogg, Korman, and Allen, filed a motion that the order entered by Judge Kent on February 15th staying the taking of their depositions on Feb-

ruary 15th be extended and continued to include and stay the taking of their depositions on February 25th, pending a hearing on their motion filed February 13th to quash or, in the alternative, to modify the subpoenas, and also that the proceedings relative to the subpoenas issued February 9th be consolidated with the proceedings relative to the subpoenas issued February 23d.

It appears that on March 1st Andonian, attorney for Hogg, Korman, and Allen, filed a motion dated February 29th that the hearing on their motion to quash or, in the alternative, to modify the subpoenas be postponed and delayed until the United States Patent Office rules upon and disposes of a motion filed by Nobile in the interference proceedings in that office to extend the time for the taking of testimony. This motion by Andonian is based on the ground that if the Patent Office refuses to extend the time for Nobile to take testimony in the interference proceedings, all proceedings in this court will then be moot.

On March 7th Nobile and his assignee, Schering Corporation, filed a motion as follows:

1. That the ex parte order entered by Judge W. Wallace Kent on February 15th staying the taking of depositions in this matter be vacated;

2. That the motion dated February 24th and filed February 25th by Andonian, attorney for Hogg, Korman, and Allen, for a further stay of the taking of the depositions on February 25th be denied except as to the request for consolidation of issues;

3. That the motion dated February 24th and filed by Attorney Andonian on February 25th for Hogg, Korman, and Allen, to consolidate the issues relative to the subpoenas issued February 9th and relative to the subpoenas issued February 23d, be granted;

4. That the motion filed by Attorney Andonian for Hogg, Korman, and Allen dated February 29th and filed March 1st for a stay of proceedings pending the ruling by the United States Patent Of-

fice on a motion by Nobile to extend the time for the taking of testimony be denied; and

5. That in the event the United States Patent Office grants an extension of time to Nobile and Schering Corporation to take testimony in the interference proceedings, and in the event the above-mentioned motions by Nobile and Schering Corporation are granted, Nobile and Schering Corporation then move that this court enter an order requiring Hogg, Korman, and Allen to appear at the office of The Upjohn Company in Kalamazoo, Michigan, on Tuesday, March 22, 1960, at 9:00 o'clock in the forenoon and produce and submit for examination the books, papers, and documents listed and enumerated in the subpoenas issued February 23d.

As Nobile and Schering Corporation have consented to the granting of the motion by Attorney Andonian dated February 24th and filed February 25th for the consolidation of the issues relative to the subpoenas issued February 9th and February 23d, the motion to consolidate will be granted, and in this opinion the court will consider the issues as to both groups of subpoenas together.

The court has been informed that the United States Patent Office has granted Nobile and Schering Corporation an extension of time within which to take testimony in the pending interference proceedings in the Patent Office, and in view of that fact the court will now turn to the primary questions before it: (1) Are Nobile and Schering Corporation, assignee, legally entitled under the subpoenas issued February 23d to take the testimony of Hogg, Korman, and Allen; and (2) is The Upjohn Company, under the subpoenas duces tecum issued February 23d, legally required to produce the books, papers, and documents listed and enumerated in the subpoenas for examination by Nobile and Schering Corporation?

Title 35 U.S.C.A. § 24, provides in part:

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."

Under § 24, which I have just quoted, the applicable rules of civil procedure must be considered in determining the questions before the court relative to the attendance of witnesses and the production of documents. Rules 26, 30, 34, and 45, Fed.Rules Civ.Proc. 28 U.S.C.A. relating to the attendance of witnesses and the production of documents are applicable in the present proceeding. Rule 34 provides in part:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26 (b) and which are in his possession, custody, or control."

Rule 26(b) provides in part:

"Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. * * * It is not ground

for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 45(b) provides:

"A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things."

Rule 45(d) provides in part:

"The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of subdivision (b) of Rule 30 and subdivision (b) of this Rule 45."

Rule 30(b) provides in part:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters."

■ The law is well established that the Rules of Civil Procedure, which I have cited and quoted, should be considered and construed together in determining the questions now before this court relative to the attendance of witnesses, the taking of testimony, and the production of documents. The proceeding in this court is ancillary to the interference proceedings now pending in the United States Patent Office, which involve the question of priority of invention between rival applicants for patents for two related antiarthritic-drug compounds, that is, who was the first or original inventor of the drugs in question? Rule 201(a) of the Rules of Practice of the Patent Office, 35 U.S.C.A.Appendix I, § 1.201(a), provides:

"An interference is a proceeding instituted for the purpose of determining the question of priority of invention between two or more parties claiming substantially the same patentable invention and may be instituted as soon as it is determined that common patentable subject matter is claimed in a plurality of applications or in an application and a patent."

■ Nobile and Schering Corporation, assignee, contend that in the ancillary proceeding in this court they are entitled to take the depositions of John A. Hogg and Jerome Korman, assignors to The Upjohn Company, and the deposition of H. B. Allen, secretary of The Upjohn Company. They also contend that The Upjohn Company should be required by order of this court to produce for their inspection and examination the many books, papers, and documents listed and enumerated in the subpoenas duces tecum issued February 9th and February 23d. On the other hand, Hogg, Korman, Allen, and The Upjohn Company contend that they should not be required to produce the enumerated books, papers, and documents for examination by Nobile and Schering Corporation, and that the subpoenas issued should be quashed or, in the alternative, modified. They base their contention on the

ground that the subpoenas were improperly obtained and are unreasonable and oppressive; that the books, papers, and documents called for in the subpoenas are not relevant to the issues involved in the interference proceedings in the Patent Office; that there is no showing of good cause for the production of the books, papers, and documents; that the subpoenas call for confidential, secret, and privileged material and information; that the material and information sought to be obtained by the subpoenas is available from other sources; and that no showing of special circumstances has been made which would justify the court in ordering the production of the books, papers, and documents enumerated in the subpoenas of February 9th and February 23d.

It appears to be admitted by both parties that Schering Corporation and The Upjohn Company have been and are now engaged in wide, direct, and active competition in the manufacture and sale of drug compounds.

In considering the question as to whether good cause has been shown for the production of the books, papers, and documents, it appears that Nobile and Schering Corporation, assignee, in effect admit that by their own experiments based upon the instructions of the Korman and Hogg patent applications, they have determined that the procedures described in the applications are inoperative to produce the described results. Furthermore, Nobile and Schering, assignee, in effect admit that they are seeking production of the books, papers, and documents in order to save time and avoid the expense of inter partes tests. In his affidavit Hobart Durham, attorney of record for Nobile and Schering, assignee, states:

"Lacking the evidence on these points which may be available from the files of The Upjohn Company and the party Korman and Hogg, the party Nobile would need to carry out elaborate *inter partes* tests with respect to all of the subject matter set forth in the subpoenas duces tecum. It is estimated that such *inter partes* tests would take a minimum of two or three weeks of continuous sessions."

It appears that in his affidavit in support of a motion filed by Nobile and Schering in the Patent Office to extend the time within which they may take testimony, their patent counsel, Joseph Hirschmann, stated:

"Long before the very first setting of times for taking testimony, it had been established by experiments conducted by Schering Corporation, assignee of Nobile, following the directions of the involved Korman and Hogg application, that the procedures described in such application were inoperative to produce the described results. The investigation by Schering Corporation of the operativeness of the Korman and Hogg disclosures goes back at least as far as January, 1957, when, upon information and belief, the preparation of the starting compound, methyl 1, 14, 17(20)–pregnatriene–3, 11–dione–21–oate was begun and a quantity of this compound was isolated on February 2, 1957, and was then employed in testing the operativeness of the procedure described in the involved Korman and Hogg application. * * *

"As far back as the summer of 1959, the undersigned attorney gave detailed instructions for the repetition of the experiments based on the instructions of the Korman and Hogg application, these experiments to be conducted ex parte in preparation for inter partes tests. These tests were conducted and the results submitted to deponent."

It appears from the brief filed by counsel for Hogg, Korman, et al., that in a letter to the president of The Upjohn Company dated February 3, 1960, the president of Schering Corporation stated: "The directions of your involved applications have been followed repeatedly and faithfully and have failed to yield the described results. This inop-

erativeness can only result in a ruling that Korman and Hogg are not entitled to make the counts in their involved application and the stigma of inoperativeness will attach to your applications."

From consideration of all affidavits on file in the proceeding in this court and all statements of counsel for Nobile and Schering Corporation in their affidavits, it appears that Schering has made the necessary tests or has the facilities to make the necessary tests to establish its contention relative to the inoperativeness of the Korman and Hogg applications for patents. It further appears from statements in the affidavits of counsel that Nobile and Schering are seeking by their subpoenas to obtain the books, papers, and documents of Upjohn Company merely in order to save the time and expense of further inter partes tests. In considering the requirement that good cause must be shown for the production of documents, in Panamusica Venezuela C.A. v. American Steel Export Co., D.C., 16 F.R.D. 280, 281, the court said:

"If a subpoena duces tecum is directed to a party, particularly at a deposition hearing, the specific terms of Rule 34 should govern. 28 U.S.C.A.; 5 Moore's Federal Practice, p. 1723. Rules 34 and 45 should be considered in pari materia. 4 Moore's Federal Practice, p. 1054. Therefore, good cause must be shown for the production of these documents. Good cause is not shown where the moving party has the information sought or can obtain the documents or information without recourse to the discovery rules. G. & P. Amusement Co. v. Regent Theatre Co., D.C., 9 F.R.D. 721; State Theatre Co. v. Tri-State Theatre Corp., D.C., 11 F.R.D. 381."

See also Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811; Mitchell v. Strauss, 1 Fed.Rules Service, 2d Series, 573; Hirshhorn v. Mine Safety Appliances Co., D.C., 8 F.R.D. 11.

In Mitchell v. Strauss, supra, the court said: "It is not enough to show that statements or documents sought are relevant to the controversy. He must do more; he must show some special circumstance warranting the exercise by the court of its power to order the production of the documents in question."

In Sinclair Refining Co. v. The Morania Dolphin, D.C., 158 F.Supp. 352, the court said: "The law is well settled that production of such statements or memoranda cannot be compelled in the absence of a showing of special circumstances which make their production necessary in the interests of justice. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Cleary Brothers v. Christie Scow Corp., 2 Cir., 1949, 176 F.2d 370."

From consideration of all the facts and circumstances presented by affidavits, pleadings, and briefs of counsel, the court is convinced that Nobile and Schering Corporation, assignee, have not made the requisite showing of good cause entitling them to the production of the books, papers, and documents listed and enumerated in the subpoenas duces tecum. Furthermore, the law is well established that the burden is upon Nobile and Schering Corporation to establish the alleged inoperativeness of the applications for patents by Korman and Hogg and their assignee, The Upjohn Company. See McCreary v. Zworykin, 55 F. 2d 445, 19 CCPA 990.

Schering Corporation undoubtedly has all facilities to conduct any and all ex parte tests and inter partes tests and experiments necessary, whereby it can present testimony in support of its alleged contention as to the inoperativeness of the Korman and Hogg applications for patents. In United States v. 5 Cases, etc., Containing "Figlia Mia Brand," 2 Cir., 179 F.2d 519, 522, the court said:

"The next objection is denial of the claimant's motion for discovery. Before trial the claimant moved for an order directing the United States to furnish it with true and exact copies of each and every chemical

test and analysis made by or for the United States on the samples of oil taken from the seized goods. * *

"Rule 34 permits discovery only when 'good cause therefor' is shown. Judge Hincks rightly ruled that no good cause for the discovery appeared, since the claimant had already made its own tests and' analyses upon samples which had been supplied at its request."

In G. & P. Amusement Co. v. Regent Theater Co., D.C., 9 F.R.D. 721, 723, 724, the court said:

"An examination of these cases indicates, however, that in each one the material which was to be produced or the information therein was available to the mover or was already in his possession. A negative rule results. Good cause is not shown when the mover has the information sought or can obtain the documents or information therein through other methods than the rules of discovery."

In United Cigar-Whelan Stores Corp. v. Philip Morris, Inc., D.C., 21 F.R.D. 107, 109, the court said:

"I do not believe that discovery proceedings should be utilized to cast upon a defendant the burden of establishing the plaintiff's case when the plaintiff can at least as readily establish the requested facts. See Leonia Amusement Corporation v. Loew's Incorporated, D.C.S.D.N.Y.1955, 18 F.R.D. 503."

See also United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727; E. I. duPont De Nemours & Co. v. American Cyanamid Co., D.C., 120 F.Supp. 697; In re Romine, D.C., 138 F. 837, 843.

Under all the facts and circumstances shown to this court it appears that Nobile and Schering Corporation, assignee, have already made their own tests, experiments, and analyses relative to the patent applications by Korman and Hogg, or have the facilities to establish by ex parte tests or by inter partes tests all the information which they seek to obtain through the production by The Upjohn Company of its books, documents, and papers enumerated in the subpoenas duces tecum.

■ Hogg, Korman and Upjohn Company, assignee, contend that the information which Nobile and Schering Corporation, assignee, seek to obtain through production of the books, papers, and documents listed and enumerated in the subpoenas duces tecum, is secret, confidential, and privileged, and that The Upjohn Company should not be required to produce such information. This contention is supported by many authorities. See article entitled "Deposition-Discovery Rules re Trade Secrets" by Charles Schoenfeld, 10 F.R.D. 493, and authorities cited in that article.

Hogg, Korman, and Allen, and The Upjohn Company contend that under Rule 45(b) of the Rules of Civil Procedure the subpoenas duces tecum issued February 9th and February 23d are unreasonable and oppressive. They base this contention, at least in part, on the ground as shown by affidavit that the subpoenas include within their terms at least 5,000 different documents and papers consisting of a total of at least 20,000 pages. From such information as has been presented to this court by affidavits of both parties, it would appear that the making of ex parte and inter partes tests by Nobile and Schering, assignee, to establish their claims and contentions in the interference proceedings in the Patent Office, would probably require far less time and expense than for Hogg, Korman, and Allen and The Upjohn Company to produce and to duplicate the books, records, and documents sought to be examined, and be prepared to testify at the taking of their depositions.

■■ This court has examined the affidavits submitted by the parties relative to the motions and other proceedings in the interference proceedings in the Patent Office, and there appears to be no occasion or necessity for discussing

those motions and proceedings in detail in this ancillary proceeding. Suffice it to say that the burden is upon Nobile and Schering, assignee, to establish their claims and contentions in the interference proceedings in the Patent Office relative to the inoperativeness of the Korman and Hogg applications for patents, and there certainly is no obligation on The Upjohn Company to assist Nobile and Schering in establishing their claims and contentions in the interference proceedings.

The determination of the questions presented by the several motions relative to the attendance of witnesses and the production of documents is a matter within the discretion of the court. For the reasons hereinbefore stated the court concludes as follows:

1. That Nobile and Schering Corporation, assignee, have not shown good cause for the production by The Upjohn Company of the books, papers, and documents listed in the subpoenas duces tecum. issued February 9, and February 23, 1960.

2. That Nobile and Schering Corporation have made no showing of any special circumstances that would justify the court in ordering The Upjohn Company to produce the books, papers, and documents for examination by Nobile and Schering.

3. That the information which Nobile and Schering Corporation seek to obtain through the production of the books, papers, and documents by The Upjohn Company is certainly, at least in part, confidential, secret, and privileged material and information that The Upjohn Company should not be required to furnish at this time.

4. That the motion by Hogg, Korman, and Allen, secretary of The Upjohn Company, to consolidate the proceedings relative to the subpoenas issued February 9th and the subpoenas issued February 23d is granted.

5. That the motion by Hogg, Korman, and Allen, secretary of The Upjohn Company, to quash the subpoenas issued February 9th and the subpoenas issued February 23d is granted.

6. That the motion by Nobile and Schering Corporation filed March 7th is denied in its entirety.

7. The granting of the motion by Hogg, Korman, and Allen, secretary of The Upjohn Company, to quash the subpoenas issued February 9th and February 23d disposes of and concludes this entire proceeding in this court.

Orders may be forthwith entered in accordance with the court's conclusions in this opinion. The court suggests that counsel prepare and submit orders in accordance with the court's opinion and conclusions.