The libel and complaint of Laura M. ROWBOTHAM, as Executrix of the Estate of Jacob Hess Rowbotham, Deceased, Libelant,

v.

THE Steamship ATLANTIC, her engines, boilers, tackle, apparel and furniture, American Banner Lines, Inc., and Dr. William E. Persing, in a cause of tort and damage, civil and maritime, Respondents.

United States District Court
S. D. New York.
March 24, 1961.

Casey, Lane & Mittendorf, New York City, for libelant; William E. Kelly, New York City, of counsel.

Anthony J. Randolph, New York City, for respondent Persing.

SUGARMAN, District Judge.

Libelant, as executrix of her husband's estate, sues in admiralty for his conscious pain and suffering and death due to the claimed negligence of respondents, a vessel, its owner and its physician. Decedent died on board the vessel, on which he and libelant were passengers, from injuries sustained by him during a voyage and while under the physician's care.

Libelant objects to interrogatories served upon her by the physician respondent.

The fundamental objections are that respondent's interrogatories seek "opinion evidence from libelant who is not competent or qualified to give the same" and "Rule 31 does not permit an inquiry into a party's legal contentions or conclusions".

There is no absolute uniform test of the propriety of interrogatories

addressed to a party. Where, as here, the interrogatories are propounded in admiralty under Admiralty Rule 31, 28 U.S.C.A. or where, as in a civil action, they stem from F.R.Civ.P. 33, 28 U.S. C.A. the tests, such as they are, are the same.[1]

In large measure the result depends upon the acceptance of the tests supplied by one text.

"If the answer [to the interrogatory] might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require answer * * *

"Liberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained." [2]

Judge Hincks of this circuit when he was in the Connecticut District Court approved that test when he wrote:

"The applicable test, I think, should not be left to fine-spun distinctions between 'knowledge' and belief based upon information from other sources. Rather, it is the practical test which has been well stated by Professor Moore when he poses the question 'would an answer serve any substantial purpose.' 4 Moore's Fed.Practice (2d Ed.) pg. 2311. The answer here is 'yes'. The answers might be expected to help the plaintiff to know what proofs were required: it might save him much labor and expense in producing proofs for which there would be no actual need. In other words, the interrogatory, if answered, might refine the actual issue of fact." [3]

Of course the test is the same whether applied to respondent's interrogatories as here, or to libelant's interrogatories as in Taylor.

Long before the present liberal discovery rules came into being Judge Learned Hand wrote:

"Interrogatories in the admiralty serve * * * to amplify the pleadings of the party interrogated * * and *interrogatories are proper to reduce those allegations to very specific form*. They should be encouraged for that purpose * * *." [Emphasis supplied.] [4]

■ Gauged by that measure and despite that they may require a publication of libelant's opinions, contentions and conclusions, the physician respondent, here charged with malpractice which challenges his professional competence, is entitled to answers to his interrogatories to the extent that libelant is capable of giving them.

It will be time enough after the answers are first given to determine, if necessary, upon proper proceedings, whether further answers should be supplied by libelant and whether such supplementary command should be denied to protect the libelant from annoyance, expense, embarrassment or oppression.

Accordingly, libelant's exceptions to interrogatories 4, 5, 14(2) and 15 are sustained and libelant will answer this respondent's remaining interrogatories except as follows:

a) Delete the words "in detail" from interrogatory 2(a).

b) Delete the words "in detail" from interrogatory 7(a).

c) Delete the word "exactly" from interrogatory 9.

d) Delete the words "in detail" from interrogatory 13.

1. Cleary Brothers v. Christie Scow Corporation, 2 Cir., 1949, 176 F.2d 370.

2. 4 Moore's Federal Practice (2d ed.), 2311, 2312.

3. Taylor v. Sound Steamship Lines, D.C. Conn.1951, 100 F.Supp. 388, 389.

4. Coronet Phosphate Co. v. United States Shipping Co., D.C.S.D.N.Y.1917, 260 F. 846, 849.

e) Delete the words "exactly and in detail" from interrogatory 14 as applied to interrogatory 14(1).

It is so ordered.