## OKUN v. KASTNER.

### No. 5010.

District Court, D. Rhode Island.

Feb. 19, 1941.

Herbert B. Barlow, of Providence, R. I., for Okun.

Nathaniel Frucht, of Providence, R. I., for Kastner.

HARTIGAN, District Judge.

Objection has been made to the following motion filed under Rule 34 of the Rules of Civil Procedure of the District Court of the United States, 28 U.S.C.A. following section 723c:

"The senior party, William Kastner, moves the Court for an order requiring Herbert B. Barlow, attorney for the party Okun, to produce the following document for insertion into the record:

"Letter on letterhead of Atlas Flow Surfacing Machinery Corp., dated April 28, 1939, addressed to H. Barlow and signed by N. N. Okun. Said document has been offered in evidence as Exhibit E in behalf of the party Kastner.

"Herbert B. Barlow has the possession, custody and control of said document, and said document constitutes or contains evidence relevant and material to this action, as is more fully shown in Exhibit A hereto attached."

Rule 34 provides in part: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * *"

The petitioner alleges that the letter referred to in his motion is relevant to the issues in an interference between William Kastner and Nathanial Okun in the United States Patent Office, Interference No. 78305.

There is no action pending in this court between said parties in the interference proceedings.

Section 22712 of Hughes Federal Practice, vol. 18, at page 196, states: "Rule 34 contemplates that the procedure thereunder shall be only against an adverse party, in a pending action. Thus a petition of an administrator of a deceased who was killed while on board employer's tug, requesting inspection of the tug, photographs, etc., where administrator had merely retained counsel to prosecute a wrongful death action against the employer, could not be granted, since there was no 'action pending' within the rule. * * *" See Egan v. Moran Towing & Transportation Co., Inc. et al., D.C., 26 F.Supp. 621.

"Since Rule 34 is applicable only to parties, a witness can be compelled to produce 'books, papers, or documents' only by a subpoena duces tecum, whether upon the taking of his deposition before trial or at the trial itself." Moore's Federal Practice, vol. 2, p. 2631.

It does not seem to me that the motion is proper under Rule 34 and is therefore denied.