**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frances VIVIAN, Defendant-Appellant.**
**No. 11313.**

United States Court of Appeals,
Seventh Circuit.

Jan. 3, 1955.

Pearl M. Hart, Edmund Hatfield, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

LINDLEY, Circuit Judge.

Defendant appeals from an order of the District Court commanding her to appear before the District Director of Immigration, in compliance with a subpoena issued by the Director under Section 235(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1225(a), to give testimony in an inquiry relative to the right of certain aliens to remain in the United States.

When served with the administrative subpoena, defendant refused to comply. On June 2, 1954, the United States filed this action under Section 235(a) of the Act praying an order to compel defendant to comply with the command of the subpoena. On the same day the court entered an order commanding defendant to appear before the court on June 11 to give such testimony. When served with this order, defendant moved to dismiss the complaint on various grounds and for an order quashing the earlier one of June 2. These motions were denied by the court on September 17, 1954, although the prior order was modified to command defendant, on a day certain, to appear before the appropriate administrative officer rather than before the court. By order of the trial court, the appeal was made a supersedeas.

The government moves to dismiss the appeal on the ground that the order of which complaint is made is not final within the meaning of 28 U.S.C.A. § 1291. The government's position is that an order of the district court, under the pertinent provisions of the Act, is not final action by the court until and unless the defendant recusant witness is cited in contempt of court.

This premise is not well founded. The issue must be resolved in terms of the jurisdiction granted to the district courts by the Act. Under Section 235(a), on refusal of a witness to respond to a subpoena issued thereunder, the courts are empowered to "issue an order requiring such person" to appear. Disobedience to such an order may be punished "by the court as a contempt thereof." We do not interpret the statute as making the initial order and a contempt proceeding which might follow disobedience thereto part and parcel of the same action. On the contrary, when the court has entered its order compelling the recusant witness to testify the original proceeding comes to an end. A contempt proceeding, if necessary, would require a separate petition.

The statute construed by the Supreme Court in Ellis v. I.C.C., 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036, is, in all material respects, identical with that involved in the case at bar. See 49 U.S.C.A. § 12(2) and (3). The defendant there refused to comply with a subpoena issued by the I.C.C. to compel him to testify and produce certain books and records. He appealed from an order of the district court directing him to comply. The court held that that order was final and appealable; that it was the end of the proceeding brought against the witness, notwithstanding the provision of Section 12(3) of the Interstate Commerce Commission Act that failure of such a witness to obey the order of an appropriate court was punishable as a contempt. The Ellis case is controlling on the issue before us.

The authorities upon which the government relies are inapposite. In Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911, the Court held only that an appeal would not lie from a judgment entered on a declaration of taking in a condemnation proceeding prior to final adjudication of the whole controversy. Our decision in Jarecki v. Whetstone, 7 Cir., 192 F.2d 121, that an order by a district court compelling the defendant to appear before the Collector of Internal Revenue was not final and appealable rests on the specific provisions of 26 U.S.C.A. § 3615(e). Unlike the enforcement proceeding provided by the statute before us, a proceeding under the Internal Revenue Code to compel a recusant witness to testify is an application *"for an attachment [against such witness] as for a contempt."* 26 U.S.C.A. § 3615(e). (Italics supplied.) The court is charged with the duty, on a satisfactory showing, to issue an attachment for the arrest of such person and is empowered, after a proper hearing, "to make such order as he shall deem proper not inconsistent with the law for the punishment of contempts, to enforce obedience to * * * the summons and to punish such person for his default or disobedience." Ibid. Thus the action brought against Whetstone was a contempt proceeding which could be terminated only on an adjudication of the issue of contempt. We held that an appeal would not lie from an order issued in the sound discretion of the court to permit her to purge herself of the contempt without the necessity of a formal adjudication. This was a preliminary order which merely deferred consideration of the merits of the cause.

Stated differently, in Whetstone, contempt of the authority of the administrative body was the issue raised by the government's application. In the proceeding now before us, the jurisdiction of the district court extends only to the issue of compliance or noncompliance with the administrative sub-poena. Contempt is not in issue until and unless the defendant fails to comply with the order of the court. Even then the issue becomes one of contempt of the court, an inquiry which is separate and distinct from the issues joined on the merits of the enforcement proceeding.

This distinction was pointed up by the Court in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. In distinguishing the line of authorities exemplified by the decision in the Ellis case, supra, Mr. Justice Frankfurter said, 309 U.S. at pages 329-330, 60 S.Ct. at pages 543: "In these cases [citing Ellis and others] the orders of the district court directing the witness to answer have been held final and reviewable. * * * 'It is the end of a proceeding begun against the witness'—was the pithy expression for this type of case. 237 U.S. at page 442, 35 S.Ct. at page 646, 59 L.Ed. 1036. * * * The doctrine of finality is a phase of the distribution of authority within the judicial hierarchy. But a proceeding like that under § 12 of the Interstate Commerce Act may be deemed self-contained, so far as the judiciary is concerned—as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before the Commission, there remains nothing for it to do. Not only is this true with respect to the particular witness whose testimony is sought; there is not, as in the case of a grand jury or trial, any further judicial inquiry which would be halted were the offended witness permitted to appeal. The proceeding before the district court is not ancillary to any judicial proceeding. So far as the court is concerned, it is complete in itself."

The other authorities cited by the government do not militate against the conclusions expressed herein. As we have indicated, it is immaterial that the court may, if its order is not obeyed,

adjudge defendant in contempt in a separate proceeding under the statute. Ellis v. I.C.C., supra.

The order is appealable and the motion to dismiss is denied.