**Application of Irvin J. MILLER, Petitioner, For An Order Vacating A Subpoena Issued Out Of This Court**

**v.**

**N. V. CACAO-EN CHOCOLADEFABRIEKEN BOON, Respondent.**

**No. 64-M-90.**

United States District Court
E. D. New York.

May 13, 1964.

I. Walton Bader, New York City, for petitioner.

Kane, Dalsimer & Kane, New York City, for respondent; Philip T. Dalsimer, New York City, of counsel.

ZAVATT, Chief Judge.

The respondent, N. V. Cacao-En Chocoladefabrieken Boon (hereinafter Boon), a Dutch corporation, has filed an application in the United States. Patent

Office for registration of the trademark "Boon." A Notice of Opposition thereto has been filed by the petitioner herein, Irvin J. Miller. Subsequent to the filing of this Notice of Opposition, Boon served a notice to take the deposition of Miller upon oral examination, pursuant to Trademark Rules of Practice of the Patent Office, Rule 2.120(a):

"2.120 Discovery procedure. The provisions of the Federal Rules of Civil Procedure relating to discovery are inapplicable in inter partes trademark cases except as specifically set forth in this section.

"(a) *Depositions for discovery.* (1) Any party to an opposition, interference, cancellation or concurrent use proceeding may, at any time not later than thirty days prior to the day upon which any testimony may first be taken as set by initial or subsequent Office action, take the deposition of any person, including a party, for the purpose of discovery. Such depositions may be taken upon oral examination in the manner prescribed by §§ 1.273, 1.274 and 1.275 of this chapter, or upon written questions in the manner prescribed by § 2.124. The responsibility for securing the attendance of proposed deponents rests wholly with the interested party."

Miller moved before the Trademark Trial and Appeal Board to vacate this notice. He argued, as he does here, that it would be inequitable to permit the respondent to take his oral deposition here unless the respondent would make itself available in this country for similar discovery or would agree or be required to pay the costs of taking its oral deposition in Holland. The Patent Office denied this motion:

"While the Rules of Practice do not require a foreign party to present itself in this country for discovery, nevertheless, opposer is not without remedy herein since it may take said party's pre-trial deposition by means of written interrogatories as per Trademark Rule 2.120(a)(1) in the manner prescribed by Trademark Rule 2.124 and 2.124(a). In any event, the responsibility for securing the attendance of proposed deponents for discovery purposes rests wholly with the party seeking same." [1]

Nevertheless, Miller informed Boon that he would not voluntarily appear and Boon proceeded to have the instant subpoena issued from this court, directing Miller to appear to have his deposition taken in this district. This subpoena was issued pursuant to 35 U.S.C. § 24:

"§ 24. Subpoenas, witnesses

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office. * * * "

Miller now moves for an order vacating said subpoena or, in the alternative, for an order either requiring an officer of the respondent to appear in New York City for discovery purposes or ordering the respondent to assume the cost and expense of having the petitioner take the oral deposition of such an officer at respondent's place of business in Holland. As a further alternative the petitioner

1. Rule 2.124a prescribes the conditions for the taking of a deposition of a witness in a foreign country upon written interrogatories.

seeks to have the subpoena vacated with the discovery of both parties to be limited to written interrogatories.

■ This being a contested case pending in the Patent Office, this court is mandated to issue a subpoena requiring a witness residing within this district to appear and testify. 35 U.S.C. § 24. It was pursuant to this statute that the respondent obtained a subpoena requiring the petitioner to appear and be deposed in connection with the contested case pending in the Patent Office. Upon the issuance of such a subpoena, the provisions of the Federal Rules of Civil Procedure apply to the attendance of that witness as well as to the production of documents and things. 35 U.S.C. § 24. The discretionary power of the court is thus made applicable to such a subpoena as it is with reference to a customary deposition notice served pursuant to Rule 30(a) of the Federal Rules of Civil Procedure. In effect, the contested case pending in the Patent Office is to be treated by this court, for discovery purposes, as an action pending in this court. The instant petition, in effect, calls upon the court to exercise the discretion vested in it by virtue of Rule 30(b) of the Federal Rules of Civil Procedure.[2]

■ Petitioner argues that the discovery rules of this court (made applicable to contested cases in the Patent Office by virtue of 35 U.S.C. § 24) require mutuality not only of discovery but also of the particular method of discovery; that, if one party may take a deposition by oral examination, the other party must be afforded the right to take a deposition by the same method. Such a contention would divest the court of the sound discretion vested in it by Rule 30 (b) of the Federal Rules of Civil Procedure and require the court to disregard the different factual situations presented by motions made under that rule. It does not follow that, because the oral deposition of the petitioner within this district can be taken readily and at no extraordinary expense, the deposition of an officer or agent of the respondent can likewise be so taken. The petitioner will not be annoyed, embarrassed or oppressed, within the meaning of those terms as used in Rule 30(b) by the taking of his oral deposition in this district.

The petition to vacate the subpoena heretofore issued to the petitioner by this court is denied. Settle an order within ten (10) days of the date hereof.

2. "Rule 30. Depositions Upon Oral Examination

\* \* \* \* \*

"(b) Orders for the Protection of Parties and Deponents. After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."