**GLADROW et al., Appellants,**

v.

**WEISZ, Appellee.**

**No. 22536.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1965.

Harry McCall, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Harry McCall, Jr., New Orleans, La., for Gladrow, and others, Kenyon & Kenyon, New York City, of counsel.

Peter H. Beer, New Orleans, La., Ellsworth H. Mosher, Washington, D. C., Montgomery, Barnett, Brown & Read, New Orleans, La., for Weisz, Stevens, Davis, Miller & Mosher, Washington, D. C., of counsel.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge:

This appeal is from an order requiring the production of a page or pages of a certain notebook incident to cross-examination of a witness in a pending proceeding before a board of patent interferences of the United States Patent Office.[1]

The question to be determined by the board is that of "priority of invention." 35 U.S.C.A. § 135(a). The appellant Gladrow[2] was the first party to file application for the patent and is presumptively the inventor. He is denominated the senior party in the interference proceeding. The other applicant, appellee Weisz, is called the junior party. He has the burden to come forward with evidence to overcome the senior party's prima facie case.

Testimony in an interference proceeding is taken by oral deposition, first by the junior party, then by the senior party, and lastly rebuttal testimony by the junior party. There is no administrative provision for discovery.

In this interference, the junior party Weisz has completed his testimony in chief. The senior party Gladrow has taken some testimony and has moved in the patent office to extend his testimony period. Gladrow testified that he had conceived the invention by October 11, 1956, and in support of his testimony offered an office memorandum bearing that date, signed by Gladrow and his co-inventor Parker, and witnessed by Pa-

---

1. The order appealed from reads as follows:

"ORDER

"The motion of the party Weisz considered and for the reasons orally assigned on February 24, 1965, in open Court after hearing arguments on the motion;

"IT IS ORDERED THAT:

"The motion of the party Weisz is granted to the extent that it calls for the production and examination of the pertinent page, page 148 (of Notebook 8568) and it is continued on subsequent pages to the extent that it either supports or negatives the statements and descriptions contained in the document identified as Exhibit 3 A.

"The entire Notebook does not have to be surrendered.

"It is further ordered that the attorneys for the parties attempt to work out among themselves the procedure to be followed in giving effect to this order.

"New Orleans, Louisiana,
February 26, 1965.

"/s/ Herbert W. Christenberry
"UNITED STATES DISTRICT JUDGE."

At the time of issuing the order, the Court stated:

"THE COURT: I am not going to order the surrender of the whole book. I am going to grant the motion to the extent that it calls for the production and examination of the pertinent page, page 148, and if it is continued on subsequent pages to the extent that it either supports or negatives the statements and descriptions contained in here, in this document of October 11, 1956."

2. Actually Gladrow and Parker, his co-inventor, but for convenience we will refer to Gladrow as the appellant.

tricia Barnett. He did not intend to offer proof of an earlier date of conception, but the office memorandum bore the following schedule:

| "Date of Conception "September 13, 1956 | Classification P-2.12 |
|---|---|
| "Date First Written Description "September 13, 1956 | Herewith or Filed at Page 148 Notebook No. 8568 |
| "Date First Sketch or Drawing | Herewith or Filed at |
| "Date First Disclosure to Others "September 19, 1956 | To Whom and Where R. F. Stringer, Esso Standard Oil Co., Baton Rouge, La. |
| "Reduction to Practice (A) Laboratory Scale (Date) Sept. 13, 1956 | Where Baton Rouge, Louisiana |
| (B) Plant Scale (Date) | Where " |

On cross-examination, Weisz called upon Gladrow to produce for examination page 148 of the notebook "and such other pages as may relate to material of pertinence to this interrogatory." Gladrow's counsel refused to permit him to produce the notebook and stated to Weisz' counsel, "We are not relying upon the notebook page, and there is no possible reason for you to see it." Substantially similar proceedings occurred upon Weisz' cross-examination of Gladrow's co-inventor, Parker.

Weisz then moved in the district court for an order requiring Gladrow to produce for inspection and copying the page or pages of the notebook. After a hearing, the order was entered from which this appeal is prosecuted. (See footnote 1, supra.)

■ In this Court, Weisz first moved to dismiss the present appeal on the ground that the order appealed from was interlocutory and not final. Another panel of this Court ordered the motion carried with the case. Weisz later undertook to withdraw the motion. However, an appealable order is necessary to support this Court's jurisdiction, and we pass upon the question. Without hesitation, we hold that the order requiring the appellants to produce the page or pages of the notebook was a substantial end to the proceedings in the district court, and hence, that the order is final and appealable.[3]

**3.** Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Ellis v. I.C.C., 1915, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036; United States v. Vivian, 7 Cir. 1955, 217 F.2d 882.

Gladrow insists that no pertinent rule or statute authorizes the district court to issue the order in question. Weisz relies upon 35 U.S.C. § 24:

"§ 24. *Subpoenas, witnesses*

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. *The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office.*

"Every witness subpoenaed and in attendance shall be allowed the fees and traveling expenses allowed to witnesses attending the United States district courts.

"A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. No witness shall be deemed guilty of contempt for disobeying such subpoena unless his fees and traveling expenses in going to, and returning from, and one day's attendance at the place of examination, are paid or tendered him at the time of the service of the subpoena; nor for refusing to disclose any secret matter except upon appropriate order of the court which issued the subpoena." (Emphasis added.) 35 U.S.C.A. § 24.

Specifically, Weisz points to the sentence in 35 U.S.C. § 24 which we have emphasized in quoting that section. That sentence first appeared in the revision of the patent statutes approved July 19, 1952. As appears from the "Historical and Revision Notes," Section 24 was based on 35 U.S.C. 1946 ed., sections 54, 55 and 56, quoted in the margin.[4]

Referring to the Revision Notes as set forth in the Appendix of Senate Report No. 1979 [U.S.Code Cong. & Admin. News (1952) at 2394, 2398, 2407], Gladrow urges that it was the legislative intent that section 24 should make "no important" change in the procedure authorized by the previous corresponding sections 54, 55 and 56. That much may be

4. "§ 54. *Subpoenas to witnesses; subpoenas duces tecum*

"The clerk of any court of the United States, for any district or Territory wherein testimony is to be taken for use in any contested case pending in the Patent Office, shall, upon the application of any party thereto, or of his agent or attorney, issue a subpoena for any witness residing or being within such district or Territory, commanding him to appear and testify before any officer in such district or Territory authorized to take depositions and affidavits at any time and place in the subpoena stated. But no witness shall be required to attend at any place more than forty miles from the place where the subpoena is served upon him; and the provisions of section 647 of Title 28 relating to the issuance of subpoenas duces tecum shall apply to contested cases in the Patent Office."

"§ 55. *Witness fees*

"Every witness duly subpoenaed and in attendance shall be allowed the same fees as are allowed to witnesses attending the courts of the United States."

"§ 56. *Failing to attend or refusing to testify*

"Whenever any witness, after being duly served with such subpoena, neglects or refuses to appear, or after appearing refuses to testify, the judge of the court whose clerk issued the subpoena may, on proof of such neglect or refusal, enforce obedience to the process, or punish the disobedience, as in other like cases. But no witness shall be deemed guilty of contempt for disobeying such subpoena, unless his fees and traveling expenses in going to, returning from, and one day's attendance at the place of examination, are paid or tendered him at the time of the service of the subpoena; nor for refusing to disclose any secret invention or discovery made or owned by himself."

conceded arguendo. It must be noted, however, that those earlier sections clearly authorized the district court to require the attendance of witnesses with documents and to compel the witnesses to testify. The present order does not extend beyond that authorization.

■ Gladrow's prime reliance is upon Okun v. Kastner, D.C.R.I.1941, 1 F.R.D. 599, which held that since Rule 34, Fed. R.Civ.Proc. is applicable only to parties in a pending action in the district court, the earlier sections did not provide for the use of that Rule, and the production of documents could be compelled only by a subpoena duces tecum. In that case, one of the parties in an interference proceeding simply moved for the production of documents under Rule 34.[5]

The motion was not, as here, for the purpose of requiring a witness to produce documents in his possession or under his control in order that his cross-examination might be complete. We agree with Korman v. Shull, W.D.Mich., 1960, 184 F.Supp. 928, 934, that Rule 34, Fed. R.Civ.Proc. is among the rules referred to in 35 U.S.C. § 24, when the production of documents is required for the examination or cross-examination of a witness.[6]

■ It would be making a fetish of formalistic procedure to reverse the present judgment but hold that production of the documents could be required under a subpoena duces tecum.[7] Here, the witness, present and being cross-examined, refused to produce a document in his possession or under his control upon which he was subject to further cross-examination. Clearly, Rule 34 in connection with 35 U.S.C. § 24 vests authority in the district court to require the production of the document under those circumstances. We need not stop to decide whether such authority might also be gleaned from Rule 81(a) (3), Fed.R.Civ.Proc.,[8] or from the all-writs statute, 28 U.S.C. § 1651, in aid of the district court's jurisdiction under 35 U.S.C. § 146.

■ Finally, Gladrow urges that Weisz has not shown the requisite "good cause" for the production of the document under Rule 34, because it is not in furtherance of proof of Weisz' *own* date of invention. The record before us does not show the date which Weisz' evidence in chief attempted to establish. We think, however, that we may assume that since Gladrow is not undertaking to establish a date before October 11, 1956, that date is earlier than any which Weisz undertook to establish. Nonetheless, upon cross-examination, Weisz could attack the verity of the office memorandum and of each of its parts, including the reference to the page or pages of the notebook. Weisz was not confined to proof of his *own* date of invention, but could question that of Gladrow and Parker and even whether they were the actual inventors. We hold that the district court did not err or abuse its discretion in issuing the order.

Weisz disclaims any intention to harass Gladrow or to examine "secret and confidential documents," and renews his offer to work out a reasonable protective order. With the ample protective powers possessed by the district court, we cannot believe that Gladrow is in any real danger of being required to disclose secret and confidential information. The judgment is therefore

Affirmed.

5. See also Rivise & Caesar, Interference Law & Practice sec. 437.

6. See also Korman v. Nobile, W.D. Mich., 1962, 133 U.S.P.Q. 178.

7. For a discussion of the relationship between Rule 34 and Rule 45(b) of the Federal Rules of Civil Procedure, see 4 Moore's Federal Practice, 2d ed., section 34.02.

8. In pertinent part: "These rules apply (1) to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings, and (2) to appeals in such proceedings."