259 F.Supp. 922 (1966)
In re NATTA et al., Movant.
HOGAN et al.
v.
ZLETZ
v.
BAXTER et al.
v.
NATTA et al.
Misc. No. 35.
United States District Court D. Delaware.
September 26, 1966.
Supplemental Opinion October 19, 1966.
*923 Morris, James, Hitchens & Williams, Wilmington, Del., for senior party, Natta and others.
Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for junior party, Baxter and others.

OPINION
LAYTON, District Judge.
The question for decision here is whether or not a party to a patent interference case in the process of trial before a patent examiner may have the benefit of discovery proceedings in a United States District Court under the provisions of Rule 34 F.R.C.P.
There are four parties to this interference proceeding. In order of their assigned seniority, they are Natta et al., assignor to Montecatini Societá Generale per L'Industria Mineraria e Chimica of Milan, Italy, the most senior party, hereafter called Natta;
Baxter, et al., assignor to E. I. DuPont De Nemours & Company, hereinafter called DuPont;
Zletz, assignor to Standard Oil Company of Indiana, and
Hogan and Banks, assignor to Phillips Petroleum Company.
We are concerned here only with Natta and DuPont. The former, being the senior applicant, is presumptively entitled to a patent containing the interference count[1] now under litigation in the Patent Office unless one or more of the junior parties sustains the burden of proving, by a preponderance of the *924 evidence, a different state of facts, or, broadly speaking, that he completed the invention prior to June 8, 1954, the filing date accorded Natta by the Patent Office.
Each junior party has introduced thousands of pages of testimony and dozens of exhibits purporting to demonstrate completion of his invention at a date substantially prior to June 8, 1954.
It is now Natta's opportunity to be heard. As I understand it, it is limited to an attack upon the sufficiency of the testimony in chief of the junior parties.
Alleging good cause therefor, Natta has filed a motion for production, under Rule 34 F.R.C.P. of some 31 categories of documents believed to exist in DuPont's files. DuPont strenuously resists this motion alleging that this Court is without jurisdiction to order production, that good cause does not exist and, in any event, the request for production is so sweeping in scope as, if granted, to reveal trade secrets and subject it to intense harassment.
Leaving aside for the moment the question of good cause, I turn to a consideration of whether a United States District Court has the power to order production of documents in a completely separate litigation pending before a Patent Examiner in the Patent Office.[2] In my judgment, it does. This power springs from 35 U.S.C. § 24, which reads:
"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."
In Gladrow v. Weisz, 354 F.2d 464 (1965), the Fifth Circuit Court upheld a District Court's order to compel production of documents under Rule 34 upon the application of one of the parties to an interference proceeding in the Patent Office. The situation was analogous except that, there, the junior party moved for production, which is a distinction without a difference. The Court said, inter alia:
"Here, the witness, present and being cross-examined, refused to produce a document in his possession or under his control upon which he was subject to further cross-examination. Clearly, Rule 34 in connection with 35 U.S.C. § 24 vests authority in the district court to require the production of the document under those circumstances. * * *" (Emphasis supplied.)
DuPont strongly urges that Gladrow must be strictly limited to its own facts and that the language "under these circumstances" appearing in the above quotation (referring to a single page of a notebook sought to be produced) renders it inapplicable to these facts where the request for production is very sweeping in its effect. But I cannot agree. There is no suggestion in the language of Section 24, supra, of an intention to limit the effect of discovery under Rule 34 and no such intention is found in the language of Korman v. Shull, 184 F.Supp. 928 (W.D.Mich., S.D.1960), cited with approval in Gladrow,[3] where the application was denied on the sole ground that the moving party failed to *925 show good cause. Once it is held, as the Fifth Circuit did, correctly I believe, that Rule 34 may be employed to obtain production, the extent of production, great or small, must be left to the discretion of the District Court upon a showing of good cause.
At the argument, I advised counsel that I would not hear argument upon the scope and extent of discovery until it was first decided whether discovery could be had at all. Discovery will be granted but the question of how far this Court will go in permitting discovery under the 31 paragraphs constituting the motion to produce must await further argument. It is sufficient to say now that in each case good cause must be demonstrated, no "fishing expeditions" will be permitted, discovery will be held within reasonable bounds and in no event will any matter even bordering on trade secrets be permitted to be revealed.
Let an order be prepared and submitted in accordance with the conclusions here reached.

SUPPLEMENTAL OPINION
On September 26, 1966, this Court handed down its opinion requiring Baxter et al. (DuPont) to produce papers, documents, memoranda, etc., in some 31 different categories providing Natta could show good cause therefor under Rule 34 F.R.C.P.
DuPont has filed a petition for reargument. The first ground is that this Court had no jurisdiction because no "action" was pending when the motion to produce was filed. In the first place, this contention is now raised for the first time. Secondly, neither in Gladrow v. Weisz, 354 F.2d 464 (5th Cir. 1965) nor Korman v. Shull, 184 F.Supp. 928 (W.D.Mich.), proceedings similar to this, was an action pending in the court when discovery was sought. Gladrow, specifically approved a Rule 34 proceeding. I must decline reargument on this point.
Next, DuPont argues that Gladrow is no authority here because there discovery was granted in a situation where a witness was on the stand and the examining party needed production for the sole purpose of cross-examining the witness. Concededly, Gladrow said by way of distinguishing another case, "The motion was not, as here, for the purpose of requiring a witness to produce documents in his possession * * * in order that his cross-examination might be complete." But it is clear that the Court was not limiting its holding to the exact facts of the case for it (1) explicitly approved the use of Rule 34 in connection with the language of 35 U.S.C. Sec. 24 and Rule 34, of course, is not limited to such circumstances as in Gladrow; and (2) explicitly approved Korman v. Shull where there was no witness on the stand at the time, but, rather, the application was under circumstances similar to the case at bar. I am not persuaded to grant reargument on this ground.
Finally, it is argued that since Natta, by order of the Patent Office, cannot take further testimony in that proceeding, it would be futile for this Court to grant production. If this were true, I would agree instantly. To the contrary, I interpret the status of the Patent Office proceeding as follows: An application by Natta for a general continuance for the taking of testimony was denied but the Patent Office did grant a continuance for the purpose of obtaining such further evidence as the District Courts[*]might permit in these allied proceedings.
The motion for reargument is denied.
NOTES
[1] Count No. 89,634 (a single count) states: "Normally solid polypropylene, consisting essentially of recurring propylene units, having a substantial crystalline polypropylene content."
[2] Curiously enough, the Patent Office where this litigation is pending has no power to compel discovery.
[3] In an exactly similar proceeding between Natta and Zletz, in the Northern District of Oklahoma, Judge Daugherty held by order of September 7, 1966, that documents must be produced under Rule 34 upon a showing of good cause.
[*] Delaware, Illinois, Oklahoma.