**Robert W. HELLWARTH and Hughes Aircraft Company, Respondents,**

v.

**Gordon GOULD and Control Data Corporation, Movants.**

**Misc. No. 41.**

United States District Court
D. Delaware.

Nov. 24, 1967

Edmund D. Lyons, Wilmington, Del., for movants.

Thomas S. Lodge, Wilmington, Del., for respondents.

STEEL, District Judge.

Hellwarth and his assignee, Hughes Aircraft Company, on the one hand, and Gordon Gould and his assignee, Control Data Corporation, are involved in a priority of invention contest in interference proceeding No. 94,837, in the United States Patent Office. On October 21, 1966, Hellwarth, acting pursuant to Patent Office rules, filed a motion before the Examiner of Interferences for leave to take the testimony of a number of witnesses, including one Bella A. Lengyel. On August 8, 1967 a decision on the motion was rendered. It is agreed that the decision grants Hellwarth the right to take the deposition of Lengyel with respect to a limited specified subject matter. Gould claims that this is all that the decision does. Hellwarth, on the other hand, argues that the decision is not so limited, and that under it he is entitled to take the depositions of other persons in addition to Lengyel with reference to the limited subject matter prescribed for Lengyel in the decision.

Acting upon this construction of the decision, Hellwarth on November 9th gave notice to Gould that on November 27, 1967 in Los Angeles he would take the deposition of Lengyel, and one Theodore H. Maiman and possibly other persons of which notice would be given. On November 17th Gould filed in the Patent Office a motion to strike the notice of taking testimony which Hellwarth had given upon the ground that it was in violation of the Patent Office decision dated August 8, 1967 in that it named as deponents Maiman and other unknown and unnoticed witnesses. On November 21, 1967 the motion to strike was dismissed by the Patent Interference Examiner upon the ground that he did not have authority to grant the relief requested and particularly, as he stated, because he did not have authority to supervise the taking of testimony. He said that such supervision was under the jurisdiction of the United States District Courts.

Thereupon, on November 22, 1967 Gould and Control Data filed in this Court a motion for a protective order under Rule 30(b) of the Federal Rules of Civil Procedure to prevent Hellwarth and Hughes from taking testimony except in conformity with the August 8, 1967 decision of the Patent Office. This motion was based upon the alleged fact

that the depositions (other than that of Lengyel) which Hellwarth and Hughes had noticed were in violation of the order of the Patent Office, and had as their purpose harassing Gould and Control Data by causing them undue expense and delay in attending the depositions and later moving to strike the testimony, and thus delaying the issuance of a patent to Gould.

At the same time Gould and Control Data filed a motion for a temporary restraining order seeking a deferment of the depositions noticed for November 27, 1967, pending a decision on their motion for protection under Rule 30(b).

The motion for a restraining order was heard on November 22nd after notice to Hellwarth and Hughes.

The attorney for Hellwarth and Hughes stated that Hellwarth resided in California, and that while Hughes was a Delaware corporation its principal place of business was in California. Gould's attorney said he (Gould) is a resident of New York, but disclaimed knowledge of the state of incorporation of Control Data.

The pivotal question is whether or not this Court has the power to grant relief under Rule 30(b). Basic to this determination is the meaning of 35 U.S.C. § 24, Federal Rules 81(a) (3) and 30(b). 35 U.S.C. § 24 provides in pertinent part:

> "The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office. * *

A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. * * * "

Rule 81 of the Federal Rules deals generally with the applicability of the rules. Rule 81(a) (3) is the portion which is pertinent to the matter before me. It provides:

> "These rules apply (1) to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings * * "

Rule 30(b) is the rule dealing with protective orders. It provides in pertinent part:

> "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken * * * ".

In considering the motion for a restraining order, the threshold problem is whether this Court has jurisdiction to grant a protective order under Rule 30 (b). In addressing myself to this question I shall make two assumptions.

The first assumption is that Rule 30 (b) is available to afford protection to a party when a deposition is sought to be taken under a subpoena issued by a Federal Court in connection with a contest between the parties to an interference proceeding in the Patent Office. This assumption is supported by analogy by at least two authorities: Boeing Airplane Company v. Coggeshall, 108 U.S. App.D.C. 106, 280 F.2d 654, 658–659 (1960), and Miller v. N. V. Cacao, etc.,

35 F.R.D. 213 (E.D.N.Y. 1964). But see dissenting opinion of Circuit Judge Browning in Federal Communications Commission v. Schreiber, 329 F.2d 517 (9th Cir. 1964) in footnote 23 at p. 533.

The second assumption is that the protective provisions of Rule 30(b), under the circumstances stated in my first assumption, are available to a party after notice of the taking of the depositions has been given (as would be true in a civil action) even though no subpoena has been or will be issued to compel the appearance of a witness friendly to a party taking the deposition. No case which has been brought to my attention deals with this point.

But despite these two assumptions, both of which are favorable to Hellwarth and Hughes Aircraft, the question remains whether this Court has the power to grant Rule 30(b) relief. Rule 30(b) provides that the Court in which the action is pending may enter a protective order. No other court is given the power. In a civil action Rule 30(b) clearly localizes the power to act in the court where the action is being prosecuted. But what does this mean when, as here, there is no civil action pending and the deposition is to be taken in connection with an interference proceeding in the Patent Office?

One thing is apparent: In the circumstances of the instant case it cannot mean the United States District Court of Delaware. It would seem that if, as I have assumed, some Court is empowered to grant protection under Rule 30(b), even though no subpoena has been issued, the Court in which the deposition is to be taken (here California) is the Court in which, for deposition purposes, the action is pending. Miller v. N. V. Cacao, etc., *supra*, at p. 215. However, this is a question for the California court to decide if the question is ever presented to it.

Furthermore, if the Federal Rules applicable to depositions in a civil action are to be utilized in connection with depositions taken upon notice and without a subpoena in connection with an administrative proceeding in the Patent Office, Rule 30(d) possibly might provide a basis for Control Data to seek relief in the Federal Court in California, where the depositions are to be taken.

The jurisdictional problem that confronts me was not before the Court in In Re Natta, 259 F.Supp. 922 (D.Del. 1966). Accordingly, it has no relevancy to the present problem.

Since I have concluded that this Court is without jurisdiction to grant relief under a Rule 30(b) motion, the motion for a restraining order will be denied.

*Note:* The above represents an oral opinion which was delivered in Court on November 24, 1967 with certain minor revisions of phraseology none of which affect the substance of the oral opinion.