In re NATTA et al., Movant in the United States Patent Office Before the Examiner of Interferences, Interference No. 89634.

HOGAN et al.

v.

ZLETZ

v.

BAXTER et al.

v.

NATTA et al.

E. I. duPont de Nemours & Co., Appellant.

No. 16608.

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1967.

Decided Jan. 4, 1968.

James M. Tunnell, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del. (David A. Drexler, Wilmington, Del., on the brief), Louis F. Reed, Fish, Richardson & Neave, New York City, of counsel, for appellant.

Morris, James, Hitchens & Williams, Wilmington, Del. (Edmund D. Lyons, Wilmington, Del., Mary Helen Sears, Irons, Birch, Swindler & McKie, Washington, D. C., on the brief), for appellee. Edward S. Irons, Irons, Birch, Swindler & McKie, Washington, D. C., Harvey W. Mortimer, Darby & Darby, New York City, Cox, Langford & Brown, Washington, D. C., of counsel.

Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant, E. I. duPont de Nemours & Co., appeals under 28 U.S.C. § 1292(b) from an order of the District Court directing it to produce certain documents to appellee, Natta (hereinafter called Montecatini) movant below. The order granted Montecatini discovery of the books and records of duPont pursuant to 35 U.S.C. § 24 in aid of Montecatini's case in an interference proceeding pending before the Board of Patent Interferences of the United States Patent Office. In re Natta, 259 F.Supp. 922 (D.C.Del.1966); In re Natta, 264 F.Supp. 734 (D.C.Del. 1967).

A patent interference is a statutory administrative proceeding, authorized by 35 U.S.C. § 135, to determine which of two or more applicants is the first inventor and, therefore, entitled to a patent. The Board of Patent Interferences assumes jurisdiction after the interference is declared by the Patent Examiner. The earliest applicant is awarded the status of senior party and is granted a prima facie date of invention as of the date of his application. All other parties are junior and have the burden of proving a date of actual invention earlier than that of the senior party. After each party files a preliminary statement in which he sets forth the earliest date of invention he intends to claim, the parties are granted a period of time to file motions to clarify or reform the interference prior to trial. The motions are heard by the Patent Examiner who originally declared the interference. The preliminary statements are then exchanged, and the matter returned to the Board of Patent Interferences for trial. The Board then establishes a time schedule within which the parties must present their cases. All evidence must conform to the Patent Office rules. Under those rules, testimony is presented by deposition on oral examination, by affidavit or stipulation. Presentation times are assigned to the various parties based upon the inverse order of filing dates.

Interference 89,634, the one involved in this appeal, was originally declared in 1958 and concerned five patent applications assigned to Montecatini, duPont, Phillips Petroleum Company, Standard Oil of Indiana and Hercules, Inc. Montecatini was made senior party on the basis of the filing date of its Italian patent application on June 8, 1954. DuPont, originally assigned a filing date of December 30, 1955, relied on 35 U.S.C. § 120 and 37 C.F.R. § 1.235, and moved to shift the burden of proof relying upon its earlier application of August 19, 1954. The Examiner agreed and awarded duPont the benefit of the earlier date thereby placing it second in seniority to Montecatini. Hercules was dropped from the proceeding, and Standard Oil of Indiana and Phillips Petroleum Company were given dates of October 15, 1954 and January 11, 1956, respectively.

During the motion period, Montecatini moved to dissolve the interference as far

as duPont was concerned on the ground, inter alia, of unpatentability over prior art consisting of cited Natta papers thereby raising the question of whether the duPont disclosure in the December 30, 1955 application, which was substantially more amplified than the August 19, 1954 application, was derived from interim Natta publications.

■ After all the junior parties presented their cases, Montecatini was assigned the period March 29, 1966–July 29, 1966 in which to complete its testimony. By virtue of 35 U.S.C. §§ 104 and 119, Montecatini's proofs must be limited to rebutting attempts by the junior parties to establish an earlier date. Montecatini may not establish for itself a date earlier than June 8, 1954, the date of its Italian patent application. Monaco v. Hoffman, 189 F.Supp. 474 (D.C.D.C. 1960), affirmed 110 U.S.App.D.C. 406, 293 F.2d 883 (1961). In an effort to obtain the necessary proofs, Montecatini initiated a Rule 34, Fed.R.Civ.Proc., motion below on June 30, 1966 as one of three companion ancillary proceedings it brought against each of the junior parties to the interference. The motion was based on 35 U.S.C. § 24 and was served on duPont's counsel of record in the interference, Dr. Roger A. Hines, who had agreed in advance to accept service.

Seeking reversal of the order below, duPont claims that the District Court erred in applying the scope of discovery standards contained in the Federal Rules of Civil Procedure rather than the admissibility standards governing interference proceedings found in the Patent Office rules. Conceding the ancillary jurisdiction of the District Court, duPont nevertheless contends that that jurisdiction was improperly invoked.

■■ Montecatini's Rule 34 motion is based upon 35 U.S.C. § 24 which provides:

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpcena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."

This statute manifests a clear congressional intent to make available to parties to patent interferences the broad discovery provisions of the Federal Rules of Civil Procedure. The Reviser's Note to the 1952 amendments states, in part: "Reference to a repealed statute is replaced by reference to the Federal Rules of Civil Procedure and certain rules are made applicable." The repealed statute referred to was R.S. 869 (28 U.S.C. § 647) which, like present Rule 45(b) of the Federal Rules, dealt with subpoenas duces tecum. If Congress had desired to limit discovery to the type available under Rule 45(b), it simply would have pointed to that specific rule instead of referring generally to the Federal Rules of Civil Procedure. Absent a clear indication of contrary congressional intent, we are compelled to the conclusion that broad discovery is available. This approach insures that the fundamental elements of procedural and substantive due process will be accorded to parties to patent interferences.

Our conclusions are supported by the decisions of other courts that have considered the issue. In Gladrow v. Weisz, 354 F.2d 464 (5 Cir. 1955), the junior party to an interference moved in the district court for an order requiring the production of certain notes in the files of the senior party. Affirming the district court's order requiring production, the Fifth Circuit stated:

"We agree with Korman v. Shull, W.D. Mich., 1960, 184 F.Supp. 928, 934, that Rule 34, Fed.R.Civ.Proc. is among the rules referred to in 35 U.S.C. § 24, when the production of documents is required for the examination or cross-

examination of a witness." Gladrow v. Weisz, supra, 354 F.2d at page 468.

Korman v. Shull, 184 F.Supp. 928 (W.D.Mich.1960), appeal dismissed 310 F.2d 373 (6 Cir. 1962), cited with approval by the Court in Gladrow clearly recognizes the application of the Federal Rules of Civil Procedure.

> "Under § 24, which I have just quoted, the applicable rules of civil procedure must be considered in determining the questions before the court relative to the attendance of witnesses and the production of documents. Rules 26, 30, 34 and 45, Fed.Rules Civ.Proc. 28 U.S.C.A. relating to the attendance of witnesses and the production of documents are applicable in the present proceeding." Korman v. Shull, supra, 184 F.Supp. at page 931.

Although the Court did quash the subpoenas thereby denying discovery, the opinion sharply indicates that the decision was predicated on a failure to show good cause as called for by the federal discovery rules. Implicit in this is the recognition that discovery would have been allowed if the proper good cause showing had been made.

Appellant urges that Korman v. Nobile, 133 U.S.P.Q. 178 (W.D.Mich.1962), decided by the same judge who wrote the opinion in Shull, qualifies Shull by expressly holding that discovery is not available. Appellant relies on the following language which refers to 35 U.S.C. § 24:

> "It should be noted that under the above-quoted statute only the provisions of the Federal Rules of Civil Procedure 'relating to the attendance of witnesses and to the production of documents and things' shall apply in contested cases in the Patent Office. Thus it is clear that the broad provisions of the rules of civil procedure relating generally to discovery are not made applicable to contested cases in the Patent Office." Korman v. Nobile, supra, 133 U.S.P.Q. at page 179.

In light of the express language in Shull that Rules 26, 30, 34 and 45 do apply to patent interference cases, we cannot interpret the statement in Nobile as does appellant. Nobile is simply limiting the application of the federal discovery rules to those mentioned in Shull.

In several cases the Patent Office itself has recognized that discovery questions must be left to the district courts. In Campbell v. Gilby, 146 U.S.P.Q. 723 (P.O. Bd.Intfs.1965), a case involving duPont, a motion was made before the Board of Patent Interferences to extend the time to take testimony. Prior to this a subpoena duces tecum had been issued by the district court to take the testimony of certain witnesses. DuPont, as assignee of the Gilby patent application, argued that the motion to extend time should be denied since the testimony sought was not proper rebuttal testimony under the Patent Office Regulations, that the testimony was not relevant and it constituted discovery which was not permitted. Rejecting these arguments the Board refused to prevent Campbell from taking the depositions stating:

> "In so far as Gilby et al.'s opposition is grounded on the question of whether or not discovery is permitted, no consideration can be given thereto, the Patent Office having no power or authority to supervise the actual taking of testimony. The determination of the question of whether or not discovery is permitted under the provisions of 35 U.S.C. 24 is within the sole jurisdiction of United States District Court." Campbell v. Gilby, supra, 146 U.S.P.Q. at page 725.

See also: Ribitschek v. Tapas, Unpublished Decision of the Patent Interference Examiner in Interference, 89,996, Sept. 13, 1961; Kreml v. Danis, 172 Manuscript Decisions 838 (Com.Pats.1952).

The two companion ancillary motions filed by Montecatini against Phillips Petroleum and Standard Oil of Indiana have reached results similar to the views set forth here. In Hogan v. Zletz, 151 U.S. P.Q. 103 (D.C.N.D.Okl.1966), the Court stated:

> "The order in the case will first be to the effect, that this proceeding in this court, brought under 35 U.S.Code, Section 24, covers and includes proceedings under Rule 34 of the Federal

Rules of Civil Procedure. This is to say that this section of the statute is interpreted to include, not only deposition type proceedings, but Rule 34 motions and proceedings. In this connection the court is following the Gladrow case at 354 F.2d 464." Hogan v. Zletz, supra, 151 U.S.P.Q. at page 103.

In Natta v. Zletz, 379 F.2d 615 (7 Cir. 1967), involving Standard Oil, the district court indicated that it would not entertain the motion until the Patent Office fixed a specific future time for the taking of testimony rather than merely indicating that it would set a specific time. Reversing and remanding, the Court of Appeals stated:

"Clearly, Rule 34 in connection with 35 U.S.C.A. § 24 vests authority in the district court to require the production of documents. Gladrow v. Weisz, 5 Cir., 354 F.2d 464, 468. The Patent Office in its rulings in the proceeding before it has consistently preserved to appellants the right to take the testimony which might be consequent from the District Court ancillary proceeding for documentary production." Natta v. Zletz, supra, 379 F.2d at page 618.

■ DuPont's argument that the rules governing the admissibility of evidence in Patent Office interference proceedings control and, therefore, the discovery standards of the Federal Rules of Civil Procedure should not have been applied below cannot be accepted. The fact that evidence obtained by Montecatini as a result of the District Court's order may not be admissible in the proceedings pending before the Patent Office does not vitiate Montecatini's right to obtain it. Both the federal discovery rules and the Regulations governing Patent Office interference proceedings recognize the distinction. Title 37 C.F.R. § 1.286 provides:

"Subject to the provisions of § 1.285, objection may be made to receiving in evidence any deposition or part thereof, or any other evidence, for any reason which would require the exclusion of the evidence according to the estab-

lished rules of evidence, which will be applied strictly by the Office."

See also: Rule 26(b), Fed.R.Civ.Proc. Definitely the fact that some evidence obtained by discovery may subsequently be held inadmissible by the Patent Office presents no reason to deny discovery. We are satisfied that the Federal Rules of Civil Procedure apply to this case and are not at all persuaded that the scope of discovery under these Rules should be governed by the Patent Office rules relating to admissibility.

DuPont argues alternatively that even if this Court does hold that the federal discovery rules apply here, Montecatini is nevertheless prohibited from making the discovery it seeks. It resists the production of any documents dated between August 19, 1954 and December 30, 1955 on the grounds that Montecatini has not exhibited the requisite good cause since the validity of the August application must be determined solely from the four corners of the document. It further contends that the only issue is priority of invention, and nothing after August 19, 1954 is relevant to this inquiry. The District Court amply discussed these issues and justifiably found that Montecatini had shown both good cause and relevancy.

■ We agree with the proposition that good cause is shown by the fact that evidence necessary to rebut duPont's case may exist in duPont's files and will remain inaccessible without the aid of a court order.

"Plaintiff meets F.R. 34's requirement of 'good cause' for production when it shows both the relevance of the documents—all pertain to patents in suit—and the information contained in them is, by their nature, within the exclusive knowledge of the defendants. Their contents were withheld on the depositions of the writers and will remain unknown to plaintiff unless produced." Zenith Radio Corp. v. Radio Corp of America, 121 F.Supp. 792, 795 (D.C.Del.1954).

■ The relevancy of the documents in question is evidenced by the fact that in rebutting duPont's attempt to advance

its date of invention, statements contained in the duPont files suggesting its attitude toward its own findings will be most helpful. Hess v. Bland, 52 C.C.P.A. 1641, 347 F.2d 835 (1965); Heard v. Burton, 51 C.C.P.A. 1502, 333 F.2d 239 (1964); Walkup v. Greig, 51 C.C.P.A. 701, 332 F.2d 800 (1964).

"Moreover, it is well established that subsequent conduct with respect to the invention is properly to be considered where there is doubt that the activities relied on constitute a reduction to practice. Conner v. Joris, 241 F.2d 944, 44 C.C.P.A. 772," Walkup v. Greig, supra, 332 F.2d at page 806.

"It is clear that the witnesses generally took a more optimistic view of the test results in their testimony in 1962 than their statements and action reported contemporaneously with the tests would appear to warrant. Under those circumstances, we are inclined to place greater weight on the contemporaneous reports and action. On that basis, we must agree with the board's view that the record leaves a clear impression that the experimenters were not satisfied in 1954 that the process had been performed successfully." Hess v. Bland, supra, 347 F.2d at page 841.

Obviously the post-application statements and actions of the alleged inventors are relevant to the issue of priority. This information is also relevant to Montecatini's charge of unpatentability over prior art based on duPont's alleged use of certain Montecatini publications. We are convinced that the District Court's findings of good cause and relevancy have substantial support in the circumstances of this case.

We have examined duPont's claims involving trade secrets, cost of compliance and privilege. In our judgment the Court below adequately considered these issues. Its order properly protects any claim duPont may have in this regard.

■ DuPont also challenges the manner in which the proceedings were instituted in the District Court, contending that the service of the motion papers upon its attorney of record was insufficient to acquire jurisdiction. As already noted Dr. Hines, duPont's attorney, had agreed in advance to accept service. Furthermore, the method employed was not questioned by duPont in its brief or at oral argument before the District Court. It was first raised in duPont's application for reargument below. Under these circumstances, duPont's failure to make a timely objection should be and is considered a waiver. Rules 12(b) and (h) (1), Fed.R.Civ.Proc.

Even on its merits the contention cannot be supported for duPont has been unable to name any authority requiring more than notice to the attorney of record. No prejudice has resulted and there is no claim that duPont did not in fact receive ample notice of the motion. This same argument was made by duPont in the companion ancillary proceeding involving Phillips Petroleum before the District Court in Oklahoma. We agree with that court's resolution.

"Now, with reference to the process question, the court will adopt the service and process had in this case on Phillips Petroleum Company on the basis that this is satisfactory to the one who seeks this relief. The more I look to this process matter, and understand the order of the court, it seems to me that all you need is some type, fair and reasonable notice under Rule 34. If Rule 34 applies to Phillips on the basis that Phillips is really and truly a party, then they're a party up there, they are a party to this case, there is an arm of that case, an ancillary proceeding, and I don't think the case requires the dignity of full-blown process, but reasonable and fair notice would be sufficient." Hogan v. Zletz, supra, 151 U.S.P.Q. at page 103.

See also: Rumsey v. George E. Failing Co., 333 F.2d 960 (10 Cir. 1964); Moore's Federal Practice, 2nd Ed., Supp. to Vol. 2, Sec. 5.06, p. 42.

We have considered the other points raised by appellant and have found them to be without merit.

The Judgment of the District Court will be affirmed.

SEITZ, Circuit Judge (dissenting).

I dissent because I believe the district court committed error in construing 35 U.S.C. § 24 to include the right to "discovery" of matter which would be inadmissible as evidence in Interference proceedings in the Patent Office.

I view 35 U.S.C. § 24 as providing the mechanics by which parties can make at least part of the record for the use of the Patent Office in deciding an Interference case. The immediate progenitor of Section 24 is found in old Title 35 Section 54, enacted in 1922.[1] In that year old Section 54 was amended to authorize the use of the subpoena duces tecum to obtain documents for use as evidence in Interference proceedings.[2] This it did by incorporating therein the rights given under the then existing subpoena duces tecum statute (Revised Statutes § 869). But I am equally satisfied that the 1922 statute did not authorize the use of the subpoena duces tecum to obtain documents which would not be admissible as evidence in Patent Office Interference proceedings. I say this because of the explicit language of the controlling subpoena duces tecum statute. It provided that before authorizing the issuance of a subpoena duces tecum the judge was required to find, inter alia, that there was reason to believe that the documents so sought "would be competent and material evidence for the party applying therefor." This is to be contrasted, for example, with that portion of F.R.C.P. 26 (b) which requires production of material which, though not itself admissible, may lead to the discovery of admissible evidence.

I do not understand that the majority challenge the foregoing propositions. Rather, the majority conclude that by making the changes reflected in the present statute (35 U.S.C. § 34), particularly by substituting the words "Federal Rules of Civil Procedure," Congress intended to enlarge the statutory power of the district court to include the right to compel "discovery" to the full extent permitted by such rules. I cannot find such a Congressional intent.

The subpoena duces tecum statute, which was incorporated by reference into the 1922 statute, was repealed by the adoption of the Federal Rules which took place prior to the 1952 recodification of the patent laws. It was quite natural, in recodifying, to replace the reference to the statute governing the issue of subpoena duces tecum with the following language:

" * * * The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office."

When the 1952 amendment is considered in conjunction with its statutory antecedent and its particular Congressional history, I think it reveals an intent to provide only the same power formerly given the district court under the old subpoena duces tecum statute.

What does the Congressional history reveal? The Senate and House Committee reports upon the proposed recodification both recite:[3]

"Although the principal purpose of the bill is the codification of Title 35,

1. "The clerk of any court of the United States, for any district or Territory wherein testimony is to be taken for use in any contested case pending in the Patent Office, shall, upon the application of any party thereto, or of his agent or attorney, issue a subpoena for any witness residing or being within such district or Territory, commanding him to appear and testify before any officer in such district or Territory authorized to take depositions and affidavits at any time and place in the subpoena stated. But no witness shall be required to attend at any

place more than forty miles from the place where the subpoena is served upon him; and the provisions of section 647 of Title 28 [Revised Statutes § 869] relating to the issuance of subpoenas duces tecum shall apply to contested cases in the Patent Office."

2. Although these statutes are not limited to production, I shall limit my discussion thereto because that is our problem.

3. S.Rep. No. 1979, 82d Cong.2d Sess., P. 4 (1952). H.Rep. No. 1923, 82d Cong. 2d Sess., P. 5, U.S.Code Congressional and Administrative News p. 2394 (1952).

United States Code, and involves simplification and clarification of language and arrangement, and elimination of obsolete and redundant provisions there are a number of changes in substantive statutory law. These will be explained in some detail in the revision notes keyed to each section which appear in the appendix of this report"

With respect to § 24, the appendices of both House and Senate reports stated as follows:

"Based on Title 35, U.S.C., 1946 ed., §§ 54, 55 and 56 (R.S. 4906, amended Feb. 18, 1922, ch. 58, § 7, 42 Stat. 389, 391–2; R.S. 4908)."

"Three sections of the existing statute are combined with some changes in language and placed in part 1 since they apply to trade-mark cases in the Patent Office as well as to patent cases. Reference to a repealed statute in the first paragraph is replaced by reference to the Federal Rules of Civil Procedure and certain rules are made applicable."

Was the inclusion of full discovery rights, which the majority necessarily find was incorporated into the 1952 version of the statute, a change in the "substantive statutory law"? I cannot see how that can be seriously doubted in view of the prior law. Consider also that the drafters of the Federal Rules felt it necessary to explicitly incorporate that power into the Rules in order to change the generally applicable pre-existing law. Moreover, anyone familiar with "discovery" practices will attest to the practical significance of the change. I would therefore expect the Congressional history or the Reviser's notes to the section to reflect a recognition of the change. They do not.

The majority opinion states that, " * * * If Congress had desired to limit discovery to the type available under Rule 45(b), it simply would have pointed to that specific rule instead of referring generally to the Federal Rules of Civil Procedure." The answer is that Congress did not refer to the Federal Rules generally. Rather, it carefully limited the reference to the Rules relating to the attendance of witnesses and to the production of documents and things. The language thus faithfully tracked the scope of the statutory provision which it replaced. So viewed, it was only intended, in my opinion, to incorporate the provisions of the Federal Rules to the extent they constituted the current procedure in those particular areas of trial practice.

I conclude that 35 U.S.C. § 24 does not include the authority to use the Federal Rules of Civil Procedure to obtain production of documents which are not admissible in evidence or needed to examine witnesses.

Although the district court was confronted with a motion for production under Rule 34, in order to express my views fully as to the scope of 35 U.S.C. § 24, let me treat the motion as though it were a subpoena for the production of documents at trial under Rule 45(b). So viewed, I believe the right to have that production should be tested under the usual evidentiary standards. Certainly this would have been the procedure required of the district court prior to the amendment of the statute because "discovery" was not then permitted. The fact that the Patent Office rules authorize it to make rulings on evidence in deciding Interference proceedings does not militate against my construction of the statute. The Office presumably had that power prior to the 1952 amendment and yet the district court could not then have permitted the use of the subpoena duces tecum to obtain discovery. I believe the district court has today the same power under this statute as it possessed under its predecessor.

I would therefore reverse the judgment of the district court but, in doing so, make it clear that the appellee could renew its application. However, appellee's rights under the renewed application would be tested solely by admissibility standards. I would permit the renewed application because the Interference proceedings had reached the period which had been assigned to appellee to complete

its testimony. In other words it was making its trial record for the Interference proceedings. It was therefore entitled under the statute, in my view, to the production of documents for introduction into evidence or for the purpose of examining witnesses.

I think, contrary to the majority, that even the language quoted by the majority from Gladrow v. Weisz, 354 F.2d 464 (5th Cir. 1965) shows that the court was talking about the use of the Federal Rules solely in connection with production for use in making the record for the Interference proceedings. The court said that Rule 34 could be used to obtain documents required for examination or cross-examination of a witness. I agree. But this is not to say that such production is not to be tested by evidentiary standards. In my view the Gladrow case reached the result which I think is dictated here. I do not read Natta v. Zletz, 379 F.2d 615 (7th Cir. 1967) to the contrary. Indeed, had the district court determined here that the production was to be measured by evidentiary rather than discovery standards I would have no quarrel with its interpretation of the statute.

Finally, contrary to the implication in the majority opinion, I cannot find that we are concerned with any issue of procedural or substantive due process. The breadth of even-handed rules governing the production of evidence does not raise a constitutional issue in this context. Nor do I think any personal preference as to the desirability of full discovery is here involved. The matter is one for Congress to treat, if it desires, after full consideration of the problem.

I express no opinion on the particular discovery rulings made by the district court because I think this court lacks jurisdiction under the interlocutory appeal statute (28 U.S.C. § 1292(b)) to review them. Indeed, I do not think the order allowing the appeal can be construed to have authorized the submission of such issues. The same is true of the other issues raised by appellant. I say this because the pertinent portion of the statute only permits interlocutory review

of "a controlling question of law." In my view the controlling question of law here is the interpretation of 35 U.S.C. § 24, not the other matters raised. Furthermore, because it was not urged as a basis for the appeal, I express no view as to whether this type of order could be considered to be a final order for appeal purposes.